This is a divorce case.
The wife filed a complaint for an absolute divorce (divorce a vinculo matrimonii), but later amended her complaint to request a divorce from bed and board (divorce a mensa et thoro). In October 1992, the trial court granted a divorce from bed and board, divided property, and awarded periodic alimony and attorney fees to the wife.
On October 22, 1992, the husband filed a motion to set aside that judgment, and on December 29, 1992, the trial court entered an order modifying the property division awards, but affirming all other provisions of the judgment. On January 11, 1993, the husband filed another post-judgment motion alleging, inter alia, that the trial court had erred in failing to grant an absolute divorce. On March 19, 1993, the wife filed a contempt petition, alleging that the husband was not complying with the divorce judgment, and on March 29, 1993, the trial court entered a judgment against the husband for unpaid alimony. A hearing was conducted on April 19, 1993, on the wife's contempt petition and on that portion of the husband's January 11 motion regarding alimony, which was treated as a motion to modify because of the husband's changed income. On May 11, 1993, the trial court entered an order finding the husband in contempt and reducing alimony *Page 459 
as the result of the husband's decreased income and denying the husband's January 11 post-judgment motion. The husband filed his notice of appeal on June 1, 1993.
In Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985), our Supreme Court stated:
 "[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment . . ., the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to 'reconsider' the denial."
In the case sub judice, on December 29, 1992, the trial court entered an order modifying the property division awards, but otherwise denying the husband's October 22, 1992, post-judgment motion, including his request to grant an absolute divorce instead of a divorce from bed and board. The husband's subsequent post-judgment motion, filed on January 11, 1993, again alleged, inter alia, that the trial court had erred in failing to grant an absolute divorce. This motion was a successive post-judgment motion, in effect requesting the trial court to "reconsider" its denial of the husband's first post-judgment motion. The trial court had no jurisdiction to "reconsider" the denial of the first post-judgment motion.Ex parte Dowling, supra. The notice of appeal was due 42 days after the husband's post-judgment motion was denied on December 29, 1992. Rule 4(a)(1), (3), A.R.App.P. The husband's notice of appeal was not filed until June 1, 1993, over five months after the trial court had entered its order denying the first post-judgment motion, and it was untimely. Rule 2(a)(1), A.R.App.P., mandates that an appeal be dismissed if the notice of appeal was not timely filed so as to invoke the jurisdiction of the appellate court. Asam v. City of Tuscaloosa,585 So.2d 60 (Ala.Civ.App. 1991). While this result is unfortunate, this court is without jurisdiction to consider the appeal; therefore, we have no alternative but to dismiss it.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, J., concur.