PITTMAN, Judge.
C.D.W. appeals the trial court’s December 19, 2001, judgment establishing his paternity of J.O.S. (“the child”) and establishing his child-support obligation. C.D.W. filed a postjudgment motion on January 16, 2002; the trial court denied his motion on January 17, 2002. C.D.W. filed his notice of appeal on February 26, 2002.
The State filed a motion to dismiss. In its motion, it argued that C.D.W.’s notice of appeal was untimely. The State argues that the Alabama Rules of Juvenile Procedure, which provide that a postjudgment motion must be filed within 14 days of the judgment, govern the time in which a post-judgment motion and then a notice of appeal can be filed. C.D.W. argues that the Alabama Rules of Civil Procedure, which provide that a postjudgment motion must be filed within 30 days of the judgment, govern the time for these filings. We agree with the State.
The State, on behalf of the child, commenced this action against C.D.W. by filing a petition pursuant to the Alabama Uniform Interstate Family Support Act (“UIFSA”), § 30-3A-101 et seq., Ala.Code 1975. C.D.W. answered the petition and denied paternity of the child. C.D.W. argues that because the domestic relations division of the Montgomery Circuit Court was designated as the trial court throughout the entire proceedings, the proceeding is not a juvenile proceeding governed by the Alabama Rules of Juvenile Procedure; rather, C.D.W. argues that the Alabama Rules of Civil Procedure govern the proceeding.
Section 30-3A-701(b), Ala.Code 1975, a part of the UIFSA, provides:
“In a proceeding to determine parentage, a responding court of this state shall apply the Alabama Uniform Parentage Act and the procedural and substantive laws of this state, and the rules of this state on choice of law.”
Therefore, because this case involves the establishment of a child-support obligation and a paternity determination, we will examine the jurisdictional and venue provisions of the Alabama Uniform Parentage Act (“UPA”), § 26-17-1 et seq., Ala.Code 1975, as required by § 30-3A-701(b).
Section 26-17-10(a), Aa.Code 1975, a part of the UPA, states:
“The causes of action provided by this chapter shall be brought in the juvenile or family court division of the district or circuit court and wherever used in this chapter the word ‘court’ shall mean the juvenile or family court division of the district or circuit court and specifically shall include any district or circuit court judge otherwise sitting in one of these divisions.”
This court has explained that a case involving issues of paternity and child support that has been docketed with a “CS” case number in the domestic relations division of the Montgomery Circuit Court is a juvenile court ease. State ex rel. Provitt v. Coleman, 821 So.2d 1015 (Ala.Civ.App.2001), citing Steele v. McDaniel, 380 So.2d 892, 894 (Ala.Civ.App.1980) (stating that the domestic relations division of the Montgomery Circuit Court, is the juvenile court for Montgomery County).
This case, identical to Provitt, is a paternity and child-support case docketed with a “CS” case number in Montgomery Circuit Court, domestic relations division. Aso, in both Provitt and this case, this court docketed the appeal as “Appeal from Montgomery Circuit Court.” Therefore, applying § 26-17-10(a) and Provitt, we conclude that this case is a juvenile court *161 case. We farther conclude that the Alabama Rules of Juvenile Procedure govern the filing deadlines in this case.
Rule 1(A), Ala. R. Juv. P., states: “These rules govern the procedure for all matters in the juvenile court.” Rule 1(B), Ala. R. Juv. P., states that all post-judgment motions “must be filed within 14 days after entry of judgment.” The trial court entered the final judgment on December 19, 2001. Therefore, C.D.W. had until January 2, 2002 to file his post-judgment motion. He did not file his post-judgment motion until January 16, 2002. Therefore, C.D.W.’s postjudgment motion was untimely. The trial court’s denial of the untimely postjudgment motion on January 17, 2002, was of no effect; the untimely postjudgment motion did not toll the time for filing a notice of appeal. Rule 28(C), Ala. R. Juv. P., and Rule 4(a)(1), Ala. RApp. P., require that a notice of appeal be filed within 14 days of a judgment issued by a juvenile court. C.D.W. filed his notice of appeal on February 26, 2002, more than 14 days from December 19, 2001, the date of the final judgment. Therefore, we conclude that C.D.W.’s notice of appeal is untimely, and we do not have jurisdiction over the appeal.
The State’s motion to dismiss the appeal as untimely is granted.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.