925 So.2d 970 (2005)
R.M.
v.
J.D.C. and C.L.C.
2040628.
Court of Civil Appeals of Alabama.
August 26, 2005.
Certiorari Denied October 14, 2005
*971 C. Robert Montgomery, Chatom, for appellant.
Submitted on appellant's brief only.
Alabama Supreme Court 1041864.
THOMPSON, Judge.
R.M. filed an action against J.D.C. ("the mother") in the Washington Juvenile Court ("the juvenile court") seeking to establish his paternity of D.K.C. ("the child"). The juvenile court added the mother's former husband, C.L.C. ("the husband"), as an additional defendant in the action. The mother had been married to the husband at the time the child was conceived and at the time of the child's birth. The husband moved the juvenile court to dismiss R.M.'s paternity action based on his allegation that R.M. lacked standing. See Ex parte Presse, 554 So.2d 406 (Ala.1989) (holding that a man claiming to be the biological father of a child born during the mother's marriage to another man lacked standing to initiate an action to establish his paternity of the child under the Alabama Uniform Parentage Act ("the AUPA"), § 26-17-1 et seq., Ala.Code 1975).
On August 26, 2003, the juvenile court entered a judgment in which it determined that R.M. lacked standing to prosecute the paternity action and dismissed the action. On September 8, 2003, R.M. appealed, pursuant to § 26-17-20, Ala.Code 1975, and Rule 28, Ala. R. Juv. P., to the Washington Circuit Court ("the trial court").
The husband moved the trial court to dismiss the action based on R.M.'s lack of standing; the husband later moved for a summary judgment. R.M. opposed the husband's motions, arguing that the presumption set forth in the AUPA in favor of the husband's paternity of a child born during his marriage to the child's mother did not apply because, R.M. alleged, the husband had "disclaimed" the child. See Ex parte Presse, 554 So.2d at 418 (a man does not have standing to establish his paternity of a child born during the mother's marriage to another man where the *972 mother's husband "has not disclaimed his status as the child's father"); and J.K. v. R.S., 706 So.2d 1262, 1264 (Ala.Civ.App. 1997) (man had no standing to establish his paternity of a child born during the mother's marriage to another man unless the mother's husband had "disclaimed his status as the presumed father" of the child).
The trial court conducted an ore tenus hearing. On March 7, 2005, the trial court entered a judgment incorporating the juvenile court's judgment and determining that the juvenile court was correct in concluding that R.M. lacked standing to prosecute his paternity action. R.M. filed a notice of appeal on April 7, 2005.
Although neither party addresses the issue whether this court has jurisdiction to consider this appeal, jurisdictional issues are of such importance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ. App.1998). "The timely filing of a notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985); see also Rule 2(a)(1), Ala. R.App. P.
R.M.'s paternity action is governed by the AUPA. Ex parte Presse, 554 So.2d at 408. The AUPA provides that paternity actions brought under that act must be filed in the "juvenile or family court division of the district or circuit court and wherever used in this chapter the word `court' shall mean the juvenile or family court division of the district or circuit court." § 26-17-10(a), Ala.Code 1975. Thus, this action is a juvenile action governed by the Rules of Juvenile Procedure. Rule 1(A), Ala. R. Juv. P.; and C.D.W. v. State ex rel. J.O.S., 852 So.2d 159, 160-61 (Ala.Civ.App.2002). Under those rules, "[p]rocedure shall be uniform in all courts, whether a circuit or district court level or in the circuit court by trial de novo." Rule 1(B), Ala. R. Juv. P.
An appeal from a juvenile matter must be filed within 14 days of the entry of the judgment from which the appeal is taken. Rule 28(C), Ala. R. Juv. P. The trial court entered its judgment on March 7, 2005. R.M. appealed on April 7, 2005, in excess of the 14 days allowed by Rule 28. Therefore, R.M.'s appeal is untimely, and, therefore, it must be dismissed. See Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.