James F. Keeton ("the husband") appeals from a divorce judgment divorcing him from Susan G. Keeton ("the wife"). We dismiss the appeal as being untimely filed.
Although neither party addresses this court's jurisdiction over this appeal, we may take notice of a lack of jurisdiction exmero motu. See Ruzic v. State ex rel. Thornton,866 So.2d 564, 568-69 (Ala.Civ.App. 2003). The trial court entered a judgment divorcing the parties on April 19, 2005. The husband filed a timely post-judgment motion on May 17, 2005. After an August 2, 2005, hearing on that motion was continued, the parties purported to extend the 90-day period for the trial court to rule on the husband's post-judgment motion pursuant to Rule 59.1, Ala. R. Civ. P., by each filing a separate consent to that effect; one party filed a consent on August 17, 2005, and the other party filed one on August 29, 2005. The 90-day period for ruling on the husband's postjudgment motion expired on August 15, 2005. Because no consent to extend the 90-day period for ruling on the husband's postjudgment motion appears of record before the expiration of the 90-day period, the parties' purported consent to extend the time for ruling failed to extend the 90-day period, and, therefore, the husband's postjudgment motion was denied by operation of law on August 15, 2005.Byrd v. Petelinski, 757 So.2d 400 (Ala. 2000);Scheilz v. Scheilz, 579 So.2d 674, 675
(Ala.Civ.App. 1991). An appeal must be filed within 42 days of the denial of a post-judgment motion. Newman v. Newman,773 So.2d 481, 483 (Ala.Civ.App. 1999). The husband did not file his notice of appeal until October 3, 2005, which was more than 42 days after his postjudgment motion was denied by operation of law. The husband's notice of appeal is untimely, and, therefore, we must dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.