Debbie F. Hudson ("the wife") appeals from a judgment entered by the Montgomery Circuit Court divorcing her from Charlie E. Hudson ("the husband") and declining to award periodic alimony to either party. The sole issue raised on appeal is whether the trial court exceeded its discretion in declining to award the wife periodic alimony. We dismiss the appeal for lack of appellate jurisdiction.
Following an ore tenus proceeding, the trial court entered a judgment of divorce on November 8, 2005, dissolving the marriage, dividing the marital property, and assigning debt. The divorce judgment provided that neither party would pay periodic alimony to the other party. On November 14, 2005, the wife filed a motion to alter, amend, or vacate the divorce judgment to the extent that it did not award her spousal support in the form of periodic alimony and did not grant her request for a name change. After hearing argument from counsel, the trial court entered an order on December 20, 2005, granting the wife's request for a name change but declining to award her periodic alimony.
On December 29, 2005, the wife filed a second motion to alter, amend, or vacate, again asking for spousal support. On February 8, 2006, in response to this subsequent motion, the trial court awarded her a judgment in the amount of $1,200 against the husband for the income-tax debt he had brought into the marriage but declining any further modification regarding alimony. The wife filed her notice of appeal on March 21, 2006.
Even though the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex meromotu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397
(Ala.Civ.App. 2004).
 "The timely filing of a notice of appeal is a jurisdictional act. Gunnison-Mack v. State Pers. Bd., 923 So.2d 319, 320 (Ala.Civ.App. 2005). Subject to exceptions not applicable here, a notice of appeal must be filed within 42 days after entry of the judgment or order from which the appeal is taken. Rule 4(a)(1), Ala. R.App. P. Rule 4(a)(3), Ala. R.App. P., states that the filing of a post-judgment motion under Rule 59, Ala. R. Civ. P., will suspend the time for filing an appeal until the date such motion is granted or denied or until the date the motion is denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Neither Rule 4(a)(3) nor any other rule, however, gives similar effect to a subsequent request seeking the trial court's reconsideration of its denial of an earlier Rule 59 motion."
Durr v. Durr, 961 So.2d 139 (Ala.Civ.App. 2006) (footnote omitted).
This court has previously addressed whether a second postjudgment motion *Page 94 
seeking the same relief that was sought in a previous postjudgment motion tolls the time for taking an appeal.See Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App. 1994); Gold Kist, Inc. v. Griffin, 659 So.2d 626
(Ala.Civ.App. 1994). Both Ollis and Gold Kist
are analogous to this case.
In Ollis, supra, the trial court entered a judgment granting the wife a divorce from bed and board, dividing property, and awarding periodic alimony and attorney fees to the wife. 636 So.2d at 458. On October 22, 1992, the husband filed a motion to set aside that judgment, asking for, among other things, an absolute divorce and a modification of the property division. Id. On December 29, 1992, the trial court entered an order that modified the property division but otherwise denied the husband's October 22, 1992, motion, including his request to grant an absolute divorce instead of a divorce from bed and board. Id. The husband filed a subsequent post-judgment motion on January 11, 1993, again alleging that the trial court had erred by not granting an absolute divorce. Id. On appeal, this court held that the time for filing a notice of appeal ran from the date the husband's first postjudgment motion was partially denied.636 So.2d at 459 (citing Ex parte Dowling, 477 So.2d 400,404 (Ala. 1985)).
A similar result was reached by this court in Gold Kist,supra. In Gold Kist, the employer filed a postjudgment motion requesting a reduction in the employee's workers' compensation benefits by the allowance of certain credits. 659 So.2d at 626. In response, the trial court partially reduced the award of benefits by allowing some credit. Id. After that amendment, the employer filed a second postjudgment motion requesting the same relief it had sought in the first motion. 659 So.2d at 626-627. This court concluded that the time for filing an appeal ran from the date of the partial denial of the employer's first postjudgment motion. Id. Because the employer filed its notice of appeal more than 42 days after the partial denial of the first postjudgment motion, this court dismissed the appeal as untimely. Id.
In this case, just as in Ollis and GoldKist, the wife's second postjudgment motion requested the trial court to "alter, amend, or vacate" its partial denial of the wife's first postjudgment motion. In response to the wife's first postjudgment motion, the trial court granted the wife's request for a name change but denied her motion with regard to the issue of alimony. The wife then filed a second postjudgment motion again asking the trial court to address the issue of alimony. Her second postjudgment motion sought essentially the same relief requested in her first post-judgment motion and thus did not toll the time for taking an appeal. Therefore, in order to be timely, the wife's notice of appeal must have been filed within 42 days of December 20, 2005, the date the trial court denied the wife's first postjudgment motion as to the issue of alimony.
However, the wife's notice of appeal was not filed until March 21, 2006, 91 days after the trial court denied her first post-judgment motion. Therefore, the notice of appeal was untimely filed, and we must dismiss the appeal for lack of appellate jurisdiction. Gunnison-Mack v. State Pers.Bd., 923 So.2d 319 (Ala.Civ.App. 2005).
APPEAL DISMISSED.
 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur. *Page 95