Michael Ryans ("the father") was adjudicated to be the father of Veronica Grace ("the child") in 1985; he was ordered to pay child support. The father unsuccessfully sought a modification of his child-support obligation in 1992. In 2002, the State of Alabama, on behalf of the child's mother, Pennie Stoudmire, filed an action in the juvenile court of Jefferson County, Bessemer Division, seeking to have the father held in contempt for failing to pay child support and to establish a total child-support arrearage of over $10,000, not including interest. The father moved to dismiss the action, arguing that the child was over the age of majority, that the mother had received a lump-sum payment for the child's benefit in 1994 based on a determination that the father was entitled to Social Security disability benefits, and that the mother had thereafter received monthly Social Security disability checks for the benefit of the child. Ultimately, the juvenile court found the father not to be in contempt and ordered that the father pay $1,207 in principal and $1,682.82 in interest to the State as a repayment of moneys provided to the child pursuant to the Aid for Dependent Children ("ADC") program. The juvenile court entered its order on April 11, 2003. The father filed an untimely postjudgment motion on April 29, 2003. The juvenile court, however, purported to deny the father's untimely postjudgment motion on May 6, 2003.
The father then filed an appeal to the Jefferson Circuit Court, Bessemer Division, on May 22, 2003. The circuit court dismissed the father's appeal on March 15, 2006, for lack of prosecution. The father filed a postjudgment motion seeking reinstatement of the appeal; the circuit court denied that motion on May 31, 2006. The father then filed a second postjudgment motion seeking reinstatement of his appeal, which the circuit court denied on June 26, 2006. The father filed his notice of appeal to this court on August 4, 2006.
The State argues that the father's original appeal from the juvenile court to the circuit court was untimely and that the father's appeal to this court was also untimely. The State is correct on both counts.
The father's April 29, 2003, post-judgment motion was filed more than 14 days after the juvenile court entered its April 11, 2003, judgment. See Rule 1(B), Ala. R. Juv. P. (stating that all post-judgment motions in juvenile cases must be filed within 14 days of the entry of judgment). An appeal from a juvenile court's judgment must be filed within 14 days of the entry of that judgment. Rule 28(C), Ala. R. Juv. P., and Rule 4(a)(1)(E), Ala. R.App. P. The father's untimely motion did not toll the expiration of the 14-day period for taking an appeal from the juvenile court's judgment. See C.D.W. v.State ex rel. J.O.S., 852 So.2d 159, 161
(Ala.Civ.App. 2002). The father's appeal from the juvenile court to the circuit court, which was filed more than 14 days after the entry of the juvenile court's judgment, was therefore untimely. C.D.W., 852 So.2d at 161. Thus, the circuit court never acquired jurisdiction over the father's appeal.Id.
Ordinarily, we would affirm the circuit court's dismissal of the father's appeal. However, the father's appeal from the circuit court to this court was also untimely. After the circuit court dismissed the father's appeal on March 15, 2006, the father filed a postjudgment motion seeking reinstatement of the appeal on April 14, 2006, or 30 days after the circuit court's dismissal. That motion, however, was untimely because it was required to be filed within 14 days of the entry of the judgment of dismissal even *Page 97 
though the case was proceeding as an appeal for a trial de novo in the circuit court. See Rule 1(B), Ala. R. Juv. P. ("Procedure shall be uniform in all courts, whether at circuit or district court level or in the circuit court bytrial de novo." (emphasis added)). The circuit court considered the father's motion, and, after holding a hearing and requesting a written response from the father, the circuit court purported to deny that motion on May 31, 2006. The father should have filed a notice of appeal to this court on or before March 29, 2006, which was 14 days after the circuit court's dismissal of his appeal from the juvenile court. The father's untimely post-judgment motion did not toll the time for taking an appeal. C.D.W., 852 So.2d at 161.
On June 21, 2006, the father filed a second postjudgment motion seeking reinstatement of his appeal. That motion was a successive postjudgment motion and, even if the first postjudgment motion had been timely, would not have further tolled the time for taking an appeal. Ex parte AllstateLife Ins. Co., 741 So.2d 1066, 1071 (Ala. 1999) (holding that the plaintiffs' "renewed motion to vacate" and "motion to reconsider" the denial of their original postjudgment motion were prohibited and that the plaintiffs' only remedy was to have appealed the denial of the original postjudgment motion);see also Ollis v. Ollis, 636 So.2d 458, 459
(Ala.Civ.App. 1994), and Foster v. Foster,636 So.2d 467, 467-68 (Ala.Civ.App. 1994). The circuit court purported to deny the father's second postjudgment motion on June 26, 2006, and the father then filed a notice of appeal to this court on August 4, 2006. The purported denial of the father's June 21, 2006, motion on June 26, 2006, was not the proper date from which to base the expiration of the 14-day period for taking an appeal. Thus, having been filed 142 days after the dismissal of the father's appeal from the juvenile court, the father's notice of appeal to this court was untimely filed. Accordingly, we dismiss the father's appeal. See Holmes v. Powell,363 So.2d 760, 762 (Ala. 1978) ("A timely filing of the notice of appeal is jurisdictional, . . . the sanction to be applied for an untimely filing being dismissal.").
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.