In May 2004, BancTrust Company, Inc. ("BancTrust"), as successor trustee for a trust created by Eileen McDonald Walker ("the trust"), sued Charles F.R. Griffin, individually and as executor of the estate of Cheryl Walker Griffin, and Regions Bank, as executor of the estate of Ion S. Walker. In its complaint, BancTrust sought restitution for certain amounts paid from the trust for the benefit of Charles Griffin and Cheryl Griffin. We are dismissing this appeal as untimely; therefore, we need not discuss the specific factual allegations underlying this action.
The parties conducted discovery and filed various motions. Shortly before a scheduled trial, Charles Griffin, in both his individual and his representative capacity (hereinafter "Griffin"), moved to dismiss the action for lack of subject-matter jurisdiction. In that motion to dismiss, Griffin argued that BancTrust lacked standing to prosecute the action; the estate of Ion Walker later moved to join Griffin's motion to dismiss. On April 17, 2006, the trial court entered a judgment concluding that BancTrust lacked standing and dismissing the action with prejudice. In entering that judgment, the trial court found, among other things, that the parties had stipulated to the admissibility of certain evidence upon which it had relied in reaching its judgment.
On April 19, 2006, BancTrust filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. In that motion, among other things, BancTrust challenged the trial court's finding that it had stipulated to the admissibility of all the evidence recited in the trial court's April 17, 2006, judgment and relied upon by the trial court. In the April 19, 2006, postjudgment motion, Banc-Trust asserted, among other things, that the evidence to which it objected was not relevant.
On April 26, 2006, the trial court entered an "amended order" that was substantially similar to the original April 17, 2006, judgment. However, in the April 26, 2006, order the trial court noted that BancTrust had objected to the admissibility of some of the evidence upon which it had relied. The trial court stated in its April 26, 2006, order that the evidence to which Banc-Trust had objected was relevant and admissible and that it had considered the evidence in reaching its decision. Accordingly, the trial court again ordered that the entire action be dismissed with prejudice. *Page 108 
Thereafter, on May 16, 2006, BancTrust filed a motion purportedly pursuant to Rule 59, Ala. R. Civ. P. In that motion, BancTrust stated that it was adopting "all those grounds, reasons, authority, motions and arguments" it had asserted in its April 19, 2006, postjudgment motion. On May 30, 2006, the trial court entered an order purporting to address BancTrust's April 19, 2006, motion and denying that motion; moreover, in that order, the trial court also purported to dismiss the action without prejudice. BancTrust filed a notice of appeal on July 7, 2006. The case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
We note that BancTrust designated only a portion of the materials before the trial court for inclusion in the record on appeal. Therefore, Griffin designated additional materials to be included in the record on appeal. See Rule 10(b)(1), Ala. R.App. P. (allowing an appellee to designate that additional materials or all materials be included in the record on appeal). Among other things, Griffin included in his designation of additional materials to be included in the record certain letters written by Griffin's attorneys to the trial court in April 2006; those letters were designated as an "exhibit."
Initially, we note that the parties did not address the timeliness of this appeal in the briefs submitted to this court. Therefore, given the procedural history of this case, this court issued an order requesting that the parties file letter briefs on the issue of the timeliness of this appeal.
"The timely filing of [a] notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965
(Ala.Civ.App. 1985); see also Parker v. Parker,946 So.2d 480, 485 (Ala.Civ.App. 2006) ("an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived").
In this case, the trial court entered a final judgment dismissing BancTrust's action on April 17, 2006. BancTrust filed a postjudgment motion on April 19, 2006, well within the 30-day time limitation on the filing of postjudgment motions pursuant to Rule 59, Ala. R. Civ. P. The trial court had jurisdiction to rule on the post-judgment motion for 90 days following the April 19, 2006, filing of BancTrust's post-judgment motion. See Rule 59.1, Ala. R. Civ. P.
On April 26, 2006, the trial court entered an "amended order." According to the appellees, the April 26, 2006, order was a postjudgment order entered in response to BancTrust's April 19, 2006, postjudgment motion. The appellees contend that the time for taking an appeal began to run when the trial court entered the April 26, 2006, amended order, and that BancTrust's July 7, 2006, notice of appeal was therefore not timely.
In arguing that the appeal is timely, BancTrust relies on two letters dated April 17, 2006, and April 18, 2006, and collectively labeled "exhibit A" that Griffin included in his designation of additional materials for inclusion in the record on appeal. Attached to one of those letters was a proposed amended order that is substantially similar to the judgment the trial court had entered on April 17, 2006, and identical to the amended order it subsequently entered on April 26, 2006. In those letters, the attorneys for Griffin urged the trial court to amend its April 17, 2006, judgment to reflect that BancTrust had objected to the admissibility of certain evidence. Banc-Trust contends that the trial court amended its original judgment on April 26, 2006, in response to the April 17, 2006, and April 18, 2006, letters and that the date of that amendment should be considered to be April 17, 2006, the date of the original *Page 109 
judgment. According to BancTrust, the April 26, 2006, amended order should not be considered to have been entered in response to its April 19, 2006, post-judgment motion, and, accordingly, it asserts that its May 16, 2006, postjudgment motion was merely a renewal of its still-pending April 19, 2006, postjudgment motion.
However, as stated earlier, BancTrust filed its April 19, 2006, postjudgment motion that, in part, sought the change in the trial court's judgment that the trial court ultimately made in its April 26, 2006, amended order. Further, although the parties failed to address the issue, it does not appear that the April 17, 2006, and April 18, 2006, letters are properly before this court as a part of the record on appeal. Rule 10(b)(1), Ala. R.App. P., provides, in part, that "[t]he clerk's record shall consist of such photocopied parts as the parties may designate of the original documents, written charges, papers, including but not limited to docket entries, minute entries, and exhibits (see Rule 11(e)) on file inthe trial court clerk's office. . . ." (Emphasis added.) The April 17, 2006, and April 18, 2006, letters, although designated by Griffin as "exhibits" for inclusion in the record on appeal, were not filed with the trial court clerk or submitted in support of a filing in the trial court. Thus, it does not appear that those letters were properly included in the record on appeal pursuant to Rule 10(b)(1), Ala. R.App. P.
Even assuming that those letters were properly included as part of the record on appeal, however, we cannot agree with BancTrust's argument that the appeal is timely. The trial court's April 26, 2006, amended order did not explicitly address the pending postjudgment motion and did not specifically rule on that motion. However, that order did change the April 17, 2006, judgment in a manner requested by BancTrust in its April 19, 2006, post-judgment motion. Accordingly, we conclude that the April 26, 2006, amended order was a postjudgment order entered in response to the April 19, 2006, post-judgment motion.
An appeal must be filed within 42 days of the entry of a judgment or the denial of a postjudgment motion. Rule 4(a)(1) and (3), Ala. R.App. P. Rather than filing an appeal, BancTrust, on May 16, 2006, filed another postjudgment motion. In the May 16, 2006, motion, BancTrust asserted the same grounds it had asserted in its original, April 19, 2006, postjudgment motion. However, "[r]eview of the denial of a post-judgment motion is by appeal. . . . Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed." Gold Kist, Inc. v.Griffin, 659 So.2d 626, 627 (Ala.Civ.App. 1994). Seealso Foster v. Foster, 636 So.2d 467 (Ala.Civ.App. 1994) (appeal held to be untimely when appellant had filed two postjudgment motions pursuant to Rule 59, Ala. R. Civ. P.). Our supreme court has explained that successive postjudgment motions are allowed and will toll the time for taking an appeal only in limited circumstances:
 "[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier." *Page 110 
Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985).
The April 26, 2006, amended order was not a new judgment, and the May 16, 2006, postjudgment motion sought the same relief as the original postjudgment motion. Therefore, the May 16, 2006, motion was a successive postjudgment motion that did not toll the time for taking an appeal.
In order to be timely and invoke the jurisdiction of this court, BancTrust's notice of appeal was required to have been filed within 42 days of the entry of the April 26, 2006, postjudgment order. Rule 4(a)(1), Ala. R.App. P.; Ollis v.Ollis, 636 So.2d 458 (Ala.Civ.App. 1994); and AlabamaAss'n of Rescue Squads v. State Dep't of Public Health,575 So.2d 1130 (Ala.Civ.App. 1991). BancTrust's notice of appeal was filed well outside the 42 days allowed by Rule 4(a)(1), and, therefore, the appeal was untimely filed. Accordingly, we must dismiss the appeal. See Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.