976 So.2d 458 (2007)
H.E.H.
v.
K.L.C.
2060448.
Court of Civil Appeals of Alabama.
June 22, 2007.
H.E.H., pro se.
Shaun Malone, Gadsden, for appellee.
PER CURIAM.
H.E.H. ("the father") and K.L.C. ("the mother") are the parents of M.E.B.H., a seven-year-old boy. The parties, who were never married, separated after the child's birth. Subsequently, the father was convicted of drug-related charges and sentenced to a 20-year split sentence, which required him to serve 5 years in prison. The mother married L.C.
In November 2005, the mother filed in the Etowah Juvenile Court a petition seeking to terminate the father's parental rights. On March 29, 2006, the juvenile court entered a judgment terminating the father's parental rights. On April 5, 2006, the father timely appealed that judgment to the Etowah Circuit Court for a trial de novo.
On January 5, 2007, the father moved the circuit court to appoint counsel for him. That motion was never ruled on. On January 11, 2007, the circuit court entered the following order:
"This cause coming to be heard on the appeal by the [father] from his adverse ruling in the Juvenile/District Court of Etowah County on the [mother's] Petition to Terminate Parental Rights, with the [mother] present and represented by [counsel] and [the father] not present and representing himself pro se, the Court finds as follows:
"The Court has reviewed the file on the matters pertaining to [the mother's] initial Petition to Terminate Parental Rights and the Order entered by the District Court Judge on 3/29/06, bearing case number CS-02-315 and concurs with the decision of said Court. As result of same this court dismisses the [father's] appeal. . . . "[1]
*459 On February 9, 2007, the father filed his notice of appeal to this court. However, that notice, which was filed 29 days after the entry of the circuit court's judgment of dismissal, was untimely because it was required to be filed within 14 days of the entry of the judgment even though the case was proceeding as an appeal for a trial de novo in the circuit court. See Rule 1(B), Ala. R. Juv. P. ("Procedure shall be uniform in all courts, whether at circuit or district court level or in the circuit court by trial de novo." (emphasis added)). The father should have filed a notice of appeal to this court on or before January 25, 2007, which was 14 days after the circuit court's dismissal of his appeal from the juvenile court.
Accordingly, we must dismiss the father's appeal. See Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978) ("A timely filing of the notice of appeal is jurisdictional, . . . the sanction to be applied for an untimely filing being dismissal."). See also Ryans v. State ex rel. Stoudmire, 963 So.2d 95 (Ala.Civ.App.2007); B.R. v. F.H., 962 So.2d 882 (Ala.Civ.App.2007); and R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ.App. 2005).
APPEAL DISMISSED.
All the judges concur.
NOTES
[1] The circuit court apparently dismissed the appeal for "failure of the [father] to prosecute" pursuant to Rule 41(b), Ala. R. Civ. P.