THOMAS, Judge.
 

 In August 2006, Teresa Green (“the former wife”) filed a petition seeking to have David A. Green (“the former husband”) held in contempt for, among other things, failing to pay alimony and failing to transfer the ownership of a prepaid affordable college-tuition account for the use of the minor child of the parties to the former wife. The former wife later amended her petition to seek a modification of alimony. After a trial, the trial court entered a judgment on February 8, 2008, holding the former husband in contempt and ordering him to be incarcerated for a total of 65 days commencing March 1, 2008.
 

 On February 20, 2008, the former husband, acting pro se, filed with the court a letter in which he sought to have the date his sentence was to begin postponed until June 1, 2008. The trial court treated the former husband’s letter as a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., and it granted the former husband the requested relief. Based on the former husband’s motion, the trial court further altered its original judgment by suspending 55 days of the 65-day sentence of incarceration.
 

 On March 25, 2008, the former husband, acting through an attorney, filed a post-judgment motion seeking to amend the amended judgment. In that motion, the former husband requested to serve his 10-day sentence at a work-release facility in Prescott, Arizona, where the former husband resides, as opposed to serving his sentence in the Madison County jail. The trial court denied this motion on April 8, 2008; however, the denial of this motion is not reflected on the State Judicial Information System.
 

 On May 7, 2008, the former husband, through the same attorney, filed what he entitled a “Motion for Alternative Sentencing,” in which he requested that he be permitted to “use his skills as a medical doctor instead of being incarcerated” and that he be permitted to perform community service in lieu of his sentence of incarceration. The trial court, on May 12, 2008, denied this motion, with the notation that counsel for the former husband could contact the Madison County Sheriffs Department and offer the use of his services to the department during his incarceration. On May 20, 2008, the former husband filed his notice of appeal.
 

 Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction
 
 ex mero motu. See Keeton v. Keeton,
 
 959 So.2d 114, 115 (Ala.Civ.App.2006);
 
 Singleton v. Graham,
 
 716 So.2d 224, 225 (Ala.Civ.App.1998) (discussing the general rule that this court shall notice lack of jurisdiction
 
 ex mero motu
 
 and citing to cases noting that rule). The former husband filed more than one postjudgment motion from the trial court’s judgment, raising the question of the timeliness of this appeal.
 

 “[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e)[, Ala.
 
 *1244
 
 R. Civ. P.,] motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b)[, Ala. R. Civ. P.,] motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier.”
 

 Ex parte Dowling,
 
 477 So.2d 400, 404 (Ala.1985). A trial court lacks jurisdiction to entertain a successive postjudgment motion requesting the same or similar relief as the original postjudgment motion or requesting reconsideration of the trial court’s denial of the original postjudgment motion.
 
 Hudson v. Hudson,
 
 963 So.2d 92, 94 (Ala.Civ.App.2007);
 
 Ollis v. Ollis,
 
 636 So.2d 458, 459 (Ala.Civ.App.1994); and
 
 Gold Kist, Inc. v. Griffin,
 
 659 So.2d 626, 627 (Ala.Civ.App.1994) (“Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.”).
 

 Although the
 
 former
 
 husband’s motions do not request precisely the same relief, they are all directed to, and request a change to, the sentence of incarceration imposed by the trial court. The former husband could have requested that he be permitted to serve his sentence in Arizona or that his sentence be changed to community service in his first postjudgment motion; he failed to do so, however. The amended judgment, although it altered the original judgment by suspending a portion of the former husband’s sentence and by changing the date the former husband was to begin serving his sentence, did not aggrieve the former husband such that he could file another postjudgment motion directed to the amended judgment. We conclude, therefore, that the former husband’s successive postjudgment motions were prohibited and did not toll the time for taking his appeal.
 
 Hudson,
 
 963 So.2d at 94;
 
 Ollis,
 
 636 So.2d at 459; and
 
 Gold Kist,
 
 659 So.2d at 627. The former husband filed his notice of appeal more than 42 days after the entry of the trial court’s amended judgment.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. (requiring, subject to certain exceptions not applicable here, that the notice of appeal be filed within 42 days after the entry of the judgment). Because “ ‘[t]he timely filing of a notice of appeal is a jurisdictional act,’ ”
 
 see Hudson,
 
 963 So.2d at 93 (quoting
 
 Durr v. Durr,
 
 961 So.2d 139, 140 (Ala.Civ.App.2006)), we must dismiss the former husband’s appeal.
 
 See Ryans v. State ex rel. Stoudmire,
 
 963 So.2d 95 (Ala.Civ.App.2007).
 

 The former wife’s request for an attorney fee on appeal is denied.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.