THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. This court has explained the relevant procedural history as follows:
“On June 6, 2006, Willie Mobley sued C & D Logging seeking to recover workers’ compensation benefits for an injury that he alleged arose out of and in the course of his employment with C & D Logging. C & D Logging answered and denied liability, contending, among other things, that Mobley had not suffered an on-the-job injury.
“On March 2, 2007, Mobley filed a motion in the trial court asking that court to compel C & D Logging to provide, pursuant to § 25-5-77(a), Ala.Code 1975, a panel of four physicians; Mobley asserted that he had become dissatisfied with his current authorized treating physician. In his motion to compel, Mobley specifically asked that the four-physician panel be composed of physicians specializing in pain management. The trial court granted the motion to compel on March 6, 2007. C & D Logging provided Mobley a panel of four physicians.
“On March 29, 2007, Mobley filed a second motion to compel in which he objected to two of the physicians on the panel of four provided by C & D Logging. ... The trial court granted Mob-ley’s second motion to compel on the same day on which that motion was filed.
“On April 13, 2007, C & D Logging filed a motion asking the trial court to reconsider its March 29, 2007, order granting Mobley’s second motion to compel....
[[Image here]]
“After conducting the final hearing, the trial court, on October 19, 2007, entered an order in favor of Mobley. In its October 19, 2007, order, the trial court found, among other things, that Mobley had suffered an on-the-job injury and that Mobley was permanently and totally disabled as a result of that injury. In addition, the trial court awarded a lump-sum fee for Mobley’s attorney and ordered C & D Logging to pay $1,360.64 in costs.
“On November 20, 2007, C & D Logging filed in this court a petition for a writ of mandamus challenging the trial court’s March 29, 2007, order granting Mobley’s second motion to compel; this court docketed that petition as case number 2070159. On December 4, 2007, this court issued an order denying C & D Logging’s petition for a writ of mandamus in case number 2070159. C & D Logging filed an application for rehearing of that ruling.
“On November 29, 2007, C & D Logging filed a notice of appeal or, in the alternative, a petition for a writ of mandamus, challenging certain portions of the October 19, 2007, order; this court assigned that filing case number 2070198. This court later consolidated the application for rehearing in case number 2070159 with case number 2070198.”
Ex parte C & D Logging, 3 So.3d 930, 931-32 (Ala.Civ.App.2008) (footnote omitted). This court overruled the application for rehearing in case number 2070159, concluding that the petition for a writ of mandamus in that case was untimely and that C & D Logging had failed to set forth a statement of good cause as to why this court should accept the untimely petition. Ex parte C & D Logging, 3 So.3d at 932-34. This court also determined that the October 19, 2007, order was not sufficiently final to support the appeal in case number 2070198 because the order did not contain a calculation of the benefits to be awarded to Mobley. Id. at 934-36. This *1069 court also denied the alternative- request for review pursuant to a petition for a writ of mandamus in case number 2070198 because C & D Logging would have another, adequate remedy through an appeal upon the entry of a final judgment. Id. at 936-37. This court entered its certificates of judgment in case number 2070159 and case number 2070198 on September 17, 2008.
Thereafter, on September 26, 2008, the trial court entered a ■ final judgment on Mobley's claims against C & D Logging. In that September 26, 2008, judgment, the trial court again determined that Mobley was permanently and totally disabled as the result of an on-the-job injury, and it awarded workers’ compensation benefits accordingly.
On October 16, 2008, C & D Logging filed a postjudgment motion seeking to alter, amend, or vacate the September 26, 2008, judgment. In its October 16, 2008, postjudgment motion, C & D Logging contended that the trial court had erred in calculating certain benefits awarded to Mobley in its September 26, 2008, judgment. C & D Logging also argued in its postjudgment motion that the trial court had erred in reaching its March 29, 2007, determination pertaining to Mobley’s request concerning the composition of the second panel of four physicians requested by Mobley. C & D Logging also asserted a number of other grounds upon which it maintained the trial court had erred in reaching the September 26, 2008, judgment.
Mobley filed a response to C & D Logging’s October 16, 2008, postjudgment motion in which he generally opposed most of the arguments set forth in that motion. However, Mobley agreed that the September 26, 2008, judgment should be modified to the extent that the trial court had miscalculated certain workers’ compensation benefits. Thereafter, on November 13, 2008, the trial court entered an amended judgment in which it adopted the benefits calculations advocated by C & D Logging in its postjudgment motion; in all other respects, the November 13, 2008, amended judgment was almost identical to the original, September 26, 2008, judgment.
On December 10, 2008, C & D Logging filed a motion entitled “motion to alter, amend, or vacate.” That motion reasserted the same grounds and arguments first asserted in the October 16, 2008, post-judgment motion, with the exception that the arguments concerning the correct calculations of workers’ compensation benefits were omitted. Primarily, the motion reasserted C & D Logging’s arguments pertaining to the 2007 dispute concerning the composition of the panel of four physicians. The trial court did not enter a ruling in response to C & D Logging’s December 10, 2008, motion, and, on April 21, 2009, C & D Logging appealed to this court.
As an initial matter, this court must consider whether it has jurisdiction to consider this appeal. Jurisdictional issues such as the timeliness of an appeal are of such significance that an appellate court may take notice of them ex mero motu. Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987); Wilson v. Glasheen, 801 So.2d 848, 849 (Ala.Civ.App.2001).
A timely filed postjudgment motion will toll the time for taking an appeal until the date the trial court rules upon the motion or until the motion is denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Rule 4(a)(3), Ala. R.App. P. In this case, C & D Logging timely filed its postjudgment motion within 30 days of the entry of the September 26, 2008, judgment. See Rule 59(e), Ala. R. Civ. P. (providing that a postjudgment motion to alter, amend, or vacate a judgment must *1070 be filed within 30 days of the date of the judgment). In accordance with the arguments asserted in the October 16, 2008, postjudgment motion, the November 18, 2008, amended judgment corrected the calculations of the awards of benefits to Mob-ley. Thus, the November 13, 2008, amended judgment constituted a postjudgment order in which the trial court ruled on C & D Logging’s October 16, 2008, post-judgment motion by granting a portion of the relief requested in that motion. See BancTrust Co. v. Griffin, 963 So.2d 106, 109 (Ala.Civ.App.2007) (an amended order that altered the original order in a manner requested in a postjudgment motion without mentioning the postjudgment motion constituted a ruling on that motion). C & D Logging had 42 days from the entry of the November 13, 2008, amended judgment, or until December 29, 2008, in which to file a timely appeal. Rule 4(a)(1), Ala. R.App. P. (subject to certain exceptions, an appeal must be filed within 42 days of the entry of the judgment).[1]
However, on December 10, 2008, C & D Logging filed a motion entitled “motion to alter, amend, or vacate.” C & D Logging asserts that its December 10, 2008, motion was denied by operation of law on March 10, 2009. See Rule 59.1, Ala. R. Civ. P. (the failure of a trial court to rule on a pending postjudgment motion within 90 days constitutes a denial of that motion). C & D Logging asserts in the statement of jurisdiction contained in its brief submitted to this court that it timely appealed the denial by operation of law of its December 10, 2008, purported postjudgment motion on April 13, 2009, within the 42 days allowed by Rule 4(a)(1), Ala. R.App. P. As we explain below, we cannot agree that C & D Logging’s appeal is timely on that basis.
The December 10, 2008, purported post-judgment motion asserted the same grounds asserted in C & D Logging’s October 16, 2008, postjudgment motion. As a subsequent postjudgment motion, it did not work to further extend the time for taking an appeal. “[I]t long has been held that ‘while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court’s reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal.’ ” Durr v. Durr, 961 So.2d 139, 140 (Ala.Civ.App.2006) (quoting Sunshine Homes, Inc. v. Newton, 443 So.2d 921, 923 (Ala.1983), rev’d on other grounds, Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649 (Ala.1998)). This court has explained:
“‘[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e)[, Ala. R. Civ. P.,] motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b)[, Ala. R. Civ. P.,] motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier.’
*1071 “Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985). A trial court lacks jurisdiction to entertain a successive post-judgment motion requesting the same or similar relief as the original post-judgment motion or requesting reconsideration of the trial court’s denial of the original postjudgment motion. Hudson v. Hudson, 963 So.2d 92, 94 (Ala.Civ.App.2007); Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App.1994); and Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994) (‘Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.’).”
Green v. Green, 43 So.3d, 1242, 1243-44 (Ala.Civ.App.2009) (emphasis added).
C & D Logging’s December 10, 2008, motion constituted an impermissible second request for reconsideration of the trial court’s September 26, 2008, judgment and the November 13, 2008, amended judgment. Accordingly, we conclude that the December 10, 2008, motion did not extend the time for filing an appeal. C & D Logging did not appeal within 42 days of the entry of the November 13, 2008, amended judgment. Accordingly, the appeal is not timely and it is due to be dismissed. Rule 2(a)(1), Ala. RApp. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
APPEAL DISMISSED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., recuses himself.

. The 42d day following November 13, 2008, was December 25, 2008, a legal holiday. The first date following December 25, 2008, that was not a Saturday, a Sunday, or a legal holiday was December 29, 2008. See Rule 26(a), Ala. R.App. P. (In computing time periods under the Rules of Appellate Procedure, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday, or legal holiday.”); see also Rule 6(a), Ala. R. Civ. P.