MOORE, Judge.
Phil Green appeals from a judgment entered by the Marshall Circuit Court to the extent that it awarded Beard and Beard Attorneys ("Beard and Beard") attorney's fees, pursuant to the Alabama Litigation Accountability Act ("the ALAA"), § 12-19-270 et seq., Ala. Code 1975. We affirm the judgment.
Procedural History
On May 16, 2017, Green, who is an attorney, filed, on behalf of Willodene Willard, a complaint in the Etowah Circuit Court against, among other parties, Beard and Beard, the law firm that had represented William Willard in divorce proceedings between William and Willodene. Willodene asserted a claim of libel against Beard and Beard and sought damages. The complaint specifically alleged that Beard and Beard had, on behalf of William, propounded to Willodene the following interrogatory in the Willards' divorce action:
"2. While married to your spouse, have you engaged in sexual relations of any kind with any other person? If so, please state the following:
"(a) State the date and place of each such occurrence.
"(b) State the name and address (or last known address) of each person with whom you have had such relations."
According to the complaint, that interrogatory constituted libel.
On June 29, 2016, Beard and Beard filed a motion to dismiss or, in the alternative, to change venue. On August 19, 2016, the action was transferred to the Marshall Circuit Court ("the trial court").
On September 1, 2016, Beard and Beard filed, pursuant to Ala. Code 1975, § 12-19-272, a part of the ALAA, a request for *777 attorney's fees against Green. Subsequently, Green withdrew from representing Willodene, and Alexander Smith filed a notice of appearance as new counsel for Willodene. On November 23, 2016, Willodene, through Smith, filed a motion to voluntarily dismiss her complaint against all the defendants. On November 29, 2016, the trial court held a hearing concerning the ALAA issue regarding Beard and Beard; that same day, the trial court entered an order granting Willodene's motion to dismiss and reserving ruling on the ALAA issue pending further hearing. After a subsequent hearing, the trial court entered an order on December 13, 2016, ordering Green to pay the attorney's fees of Beard and Beard, pursuant to the ALAA, and stating, in pertinent part:
"1. [A]fter argument of counsel, the presenting of testimony and evidence, the Court finds that the claim filed by attorney Phil Green against Beard and Beard Attorneys was frivolous.
"2. The claim for libel and slander was not authorized by Willodene Willard, and [was] filed by Attorney Green without [Willodene's] authorization."
On January 11, 2017, Green filed a postjudgment motion challenging the award of attorney's fees to Beard and Beard. On January 22, 2017, he filed an amendment to the postjudgment motion. On March 21, 2017, the trial court entered an order reaffirming its award of attorney's fees with regard to Beard and Beard; the order also addressed the only other outstanding claim-a separate claim by Stephen Williams, the attorney for William, among others, for attorney's fees pursuant to the ALAA. On April 20, 2017, Green filed a subsequent postjudgment motion addressing the ALAA issues relating to Beard and Beard and Williams, who is not a party to this appeal.[1] On April 28, 2017, Green filed his notice of appeal.
Discussion
On appeal, Green argues that the trial court erred in awarding Beard and Beard attorney's fees pursuant to the ALAA. He specifically argues that the trial court lacked jurisdiction to enter the award of attorney's fees. Initially, we note that Green points out (1) that an award of attorney's fees under the ALAA must be entered as part of a trial court's judgment, see Ala. Code 1975, § 12-19-272(a) ; Gonzalez, LLC v. DiVincenti, 844 So.2d 1196, 1201 (Ala. 2002), and (2) that Willodene's voluntary dismissal was effective without an order of the trial court because no answer or summary-judgment motion had been filed, see Rule 41(a)(1), Ala. R. Civ. P. Based on those points, Green posits that the trial court could not have awarded attorney's fees after Willodene's voluntary dismissal was effected.
Section 12-19-272(d) specifically provides: "No attorneys' fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim or defense within 90 days after filing." It stands to reason that the legislature intended that, conversely, if a claim is dismissed more than 90 days after the claim is filed, attorney's fees and costs may be assessed.
Moreover, we recognize that, even after a judgment is entered, a trial court retains jurisdiction for 30 days to modify that judgment sua sponte; furthermore, it may modify the judgment in response to a motion filed pursuant to Rule 59(e), Ala. R. Civ. P.
*778 Casey v. McConnell, 975 So.2d 384, 389 (Ala. Civ. App. 2007). Therefore, a trial court's failure to award attorney's fees pursuant to the ALAA in the original judgment does not deprive the trial court of jurisdiction to award those fees if a trial court acts within the parameters of its jurisdiction to modify the judgment. See, e.g., Casey, 975 So.2d at 389.
Although Green is correct that the motion to dismiss filed by Willodene was effective to dismiss her complaint against all the defendants without an order of the trial court, we note that, within 30 days of the voluntary dismissal being filed, the trial court entered the order awarding attorney's fees pursuant to the ALAA. Therefore, the trial court acted within its jurisdiction to modify the effectual dismissal to award attorney's fees. Accordingly, we conclude that Green's argument that the trial court lacked jurisdiction to award attorney's fees pursuant to the ALAA is without merit.
Green also specifically argues that the trial court failed to comply with Ala. Code 1975, § 12-19-273, because, he says, it did not set forth specific reasons for making the award, it failed to consider the factors listed in § 12-19-273(1) through (12), and it considered an impermissible factor-specifically, that the claim was filed without the client's authorization.
Section 12-19-273 provides, in pertinent part:
"In determining the amount of an award of costs or attorneys' fees, the court shall exercise its sound discretion. When granting an award of costs and attorneys' fees, the court shall specifically set forth the reasons for such award and shall consider the following factors, among others, in determining whether to assess attorneys' fees and costs and the amount to be assessed:
"....
"(5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose."
In the present case, the trial court specifically found that the libel claim was frivolous and had not been authorized by Green's client, Willodene, therefore satisfying the statutory requirement that the trial court "specifically set forth the reasons for such award." Furthermore, we note that one of the factors required to be considered is "[w]hether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose." § 12-19-273(5). Rule 1.2(a), Ala. R. Prof'l Conduct, provides that "[a] lawyer shall abide by a client's decisions concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued." Having found that the claim was not filed in pursuit of client advocacy and not in accordance with the Rules of Professional Conduct, the trial court could have logically concluded that the claim was filed for an improper purpose. Therefore, we cannot conclude that the trial court did not consider the relevant factors. Finally, we point out that the factors set forth in § 12-19-273 are not exhaustive; indeed, the section specifically states that the enumerated factors are to be considered "among others." Thus, the trial court was permitted to consider whether the claim had been authorized by Green's client. Based on the foregoing, we disagree with Green's argument that the trial court failed to comply with § 12-19-273.
Green also argues that the trial court erred in holding that the libel claim lacked substantial justification and was filed without client authorization.
Section 12-19-271(1), Ala. Code 1975, provides that a claim is "without *779 substantial justification" if it is "frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court." When a trial court determines that a claim is "without substantial justification" because it was "frivolous" or was "interposed for any improper purpose," "that determination will not be disturbed on appeal 'unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.' " Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala. 1993) (quoting Cove Creek Dev. Corp. v. APAC-Alabama, Inc., 588 So.2d 458, 461 (Ala. 1991) ). "Frivolous" is defined as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful." Black's Law Dictionary 783 (10th ed. 2014).
At the hearing on the ALAA issue, Smith, Willodene's attorney at that time, testified that Willodene had informed him that she had not authorized Green to file a libel claim against Beard and Beard.[2] Considering that testimony, the trial court could have properly concluded that Green's institution of the libel claim was frivolous because it was filed without client authorization. Therefore, we cannot conclude that the trial court's judgment was " 'clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.' " Pacific Enters. Oil Co. (USA), 614 So.2d at 418 (quoting Cove Creek Dev. Corp., 588 So.2d at 461 ).
Conclusion
Based on the foregoing, we affirm the trial court's judgment. Beard and Beard's motion for attorney's fees on appeal, pursuant to Rule 38, Ala. R. App. P., is denied.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

To the extent that the postjudgment motion challenged the award of attorney's fees to Beard and Beard, that motion was a successive postjudgment motion that the trial court lacked jurisdiction to consider. Green v. Green, 43 So.3d 1242, 1243-44 (Ala. Civ. App. 2009).

The admissibility of that testimony has not been challenged on appeal; therefore, we do not address that issue.