Martha Hampton Morrison and James Rollins Kirkland were divorced in December 1980. Kirkland filed a petition to modify in May 1989, requesting, among other things, a change in child support. After a hearing, the trial court ordered that the child support payments be fixed at $300.00 per month until January 1991; then the payments would increase to $350.00 per month for 1991-92. The trial court further ordered a $50.00 per month increase in child support for the years 1993-94; then in January 1995, the payments would escalate to $450 per month. From this modification of child support, Morrison appeals.
Initially, Morrison asserts that the trial court erred in ordering escalated child support payments. She contends that the trial court's determination was based on evidence not before it and that the trial court failed to limit the escalated payments on specific contingencies other than time.
Decrees providing for escalated payments are, as a general rule, disfavored. Forlini v. Forlini, 455 So.2d 855
(Ala.Civ.App. 1983); Langford v. Langford, 441 So.2d 962
(Ala.Civ.App. 1983). The disfavor stems from the fact that there is no evidentiary basis for the determination of future events and that there exists an adequate procedure for modification when changes in circumstances do occur. In making a child support determination, the trial court is limited by the present ability of the parent to pay for the present needs of the child. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979). The trial court may not speculate on a future ability or need.Forlini, supra. Here, the escalated payments are not conditioned upon a specifically articulated future occurrence. Instead, the increase occurs regardless of any external circumstances.
We have examined the record and find no justification for the escalated payments in child support. We find such an award to be contrary to the principles that support should be based on need and ability to pay. The trial court erred in its order mandating unconditional escalated support payments.
Morrison next contends that she was denied rights of equal protection due to the trial court's failure to apply Rule 32, Alabama Rules of Judicial Administration. She asserts that she was denied equal protection due to the effective date of Rule 32. She does not allege any error by the trial court. She presents this issue for the first time on appeal.
We are an appellate court with the authority to supervise acts of courts of original jurisdiction. This issue presented to us, although constitutional in nature, is original and not appellate. We do not consider issues which were not first raised in the trial court. Liles v. Liles, 380 So.2d 908
(Ala.Civ.App. 1980).
The trial court's order of escalated child support is reversed and remanded for redetermination of the support payments.
The husband's request for attorney's fees on appeal is denied.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.