This is a child visitation case.
The Department of Human Resources filed a petition alleging the dependency of three children based upon allegations of sexual abuse. After a shelter care hearing, the children were removed from the father's custody and placed with other relatives. Upon locating the mother, the children were placed in her physical custody, pending a final hearing. Physical examinations revealed indications of sexual abuse of all three girls, and they were placed in counselling. After recanting the allegations against their father, the girls named some of the neighborhood boys as the perpetrators of the abuse. The father and the boys denied the allegations. A grand jury returned a "no bill" on the allegations against the father due to insufficient evidence.
The father filed a motion for supervised visitation, which was denied after a hearing. Hence, this appeal.
The dispositive issue on appeal is whether there was sufficient evidence to deny the father visitation with his children pending final hearing.
We begin our analysis of this case by noting that the issue of child visitation is within the sound discretion of the trial court. Wyatt v. Wyatt, 549 So.2d 1351 (Ala.Civ.App. 1989); Andrews v. Andrews, 520 So.2d 512
(Ala.Civ.App. 1987). Further, when the issue of visitation is decided after an ore tenus proceeding, the trial court's resolution of this issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Hutchinson v.Davis, 435 So.2d 1303 (Ala.Civ.App. 1983). The trial court's discretion in determining visitation privileges is guided by what will protect and enhance the best interests and welfare of the child. See Jackson v. Jackson,520 So.2d 530 (Ala.Civ.App. 1988).
In the instant case, the trial court had before it medical evidence of sexual abuse, together with testimony of the children, albeit in conflict as to the perpetrators. The trial court reviewed the record, observed the witnesses, and determined that even supervised visitation with the father should be denied at this time. The trial court is given wide discretion in determining visitation matters, and the circumstances of this case warrant the conclusion of the trial court to deny the father's request for visitation with the daughters at this time.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.