This is a modification case.
The record reveals that Paula L. Sullivan (mother) and Ira Lee Sullivan (father) divorced in 1988, and that since that time, there have been numerous petitions considered. This appeal involves petitions for modification filed by the father in October and December 1992, wherein he alleged that his health had deteriorated and that he was financially destitute. He sought, inter alia, to remove restrictions from his visitation and to decrease his child support obligation.
Following ore tenus proceedings, the trial court found that the father had failed to meet his burden of proof, denied his requests, and ordered that the father pay $1,500 toward the mother's attorney fee. The father's post-judgment motions were denied; hence, this appeal.
The father presents three issues for our consideration: (1) whether the trial court erred by refusing to grant him unsupervised visitation with his children; (2) whether the trial court erred by failing to apply the Rule 32, Ala.R.Jud.Admin., child support guidelines and by denying a modification of child support; and (3) whether the trial court erred by awarding the mother an attorney fee, which the father contends is inconsistent with the evidence presented.
The judgment of the trial court regarding visitation based upon the presentation of ore tenus evidence has a presumption of correctness if it is supported by the evidence. Pelanne v.Pelanne, 572 So.2d 484 (Ala.Civ.App. 1990).
A trial court is afforded broad discretion in determining the visitation rights of a noncustodial parent. Andrews v. Andrews,520 So.2d 512 (Ala.Civ.App. 1987). Every case pertaining to a noncustodial parent's visitation rights requires an examination of the facts and circumstances of the individual situation.Pelanne, supra. The paramount consideration in visitation cases is the best interests and welfare of the child. I.L. v. L.D.L.,Jr., 604 So.2d 425 (Ala.Civ.App. 1992).
The record discloses that in April 1992, the parties' agreement that visitation between the father and the minor children should be supervised was accepted by the trial court, and an order based upon that agreement was entered. Although the record does not disclose any indiscretion or misconduct by the father regarding visitations, it reveals that the father had taken an extended trip and that he had not seen his children for several months. There was no evidence presented to indicate any change in the father's circumstances and condition since the April 1992 visitation order. A complete recitation of the evidence in this case is unnecessary. Suffice it to say that after a thorough review of the record, we find no abuse of discretion in the trial court's decision not to remove restrictions from the father's visitation at this time.
The father next contends that the trial court erred by denying his petition to decrease his child support obligation and by not adjusting support payments to conform to the child support guidelines of Rule 32, Ala.R.Jud.Admin.
Rule 32(A)(2)(i), Ala.R.Jud.Admin., provides that "[t]he provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change in circumstances that is substantial and continuing." A trial court is not obligated to follow the child support guidelines in a *Page 1030 
modification proceeding if it finds that there had not been a sufficient change in circumstances to justify a modification.Moore v. Moore, 575 So.2d 95 (Ala.Civ.App. 1990).
The record evidence does not reflect a change in circumstances that is substantial and continuing so as to justify a modification of child support and a related application of the guidelines. Although the father testified at length concerning his medical conditions, lack of employment, and disability income, effective cross-examination revealed that the father was suffering from the same ailments and was incurring similar medical expenses when the matter of child support was last examined by the trial court. The trial court stated that it did not
 "find him to be in a financial strain. How in the world can a person travel to Florida and Costa Rica and be gone for several months, live rent free, automobile payment free, be in any more of a financial strain than a mother trying to raise three children?"
The trial court did, however, reiterate that the issue of child support may be re-examined in the future.
The trial court's decision to deny a modification of child support based on the father's failure to sufficiently prove any change in circumstances is supported by the record, and we find no abuse of discretion.
The father also contends that the trial court erred by ordering him to pay the mother's attorney fee in an amount that he argues is inconsistent with the record testimony.
It is within the sound discretion of the trial court to award an attorney fee in a divorce matter. Bell v. Bell,443 So.2d 1258 (Ala.Civ.App. 1983). It is not error for a trial court to allow and set an amount for attorney fees even where no proof is presented regarding the reasonableness of the amount. Coanv. Coan, 516 So.2d 683 (Ala.Civ.App. 1987). The trial court has special knowledge regarding the time and circumstances of this case from which it could determine a reasonable attorney fee. Record evidence supports the amount awarded and we find no error.
Based upon the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.