The mother sued the father for a divorce in December 1995, seeking, among other things, custody of the parties' minor daughter. The court entered a pendente lite order awarding temporary custody to the mother and standard visitation to the father. In June 1996, the father petitioned for a rule nisi, alleging that the mother had failed to abide by the terms of the pendente lite order regarding visitation. The court ordered the parties to comply with the previous order and deferred the father's petition for a rule nisi until trial.
In July 1996, the father petitioned for an immediate hearing on the rule nisi petition, alleging that the mother was continuing to deny him visitation. The court set the matter for a hearing. The parties subsequently agreed to continue the matter until trial. In October 1996, the father petitioned to have the mother held in contempt for violating the pendente lite visitation provisions. The court entered an order instructing the mother to be prepared to show cause at trial why she should not be held in contempt. On December 6, 1996, the mother amended her complaint to allege that the father had sexually abused the child, requesting that he be allowed only supervised visitation with the *Page 417 
child. On December 9, 1996, the court entered an order restricting the father's visitation to supervised visitation.
In January 1997, the court appointed a special master to investigate the allegations against the father. The special master's report was filed with the court on July 15, 1997. It stated, in pertinent part:
 "[The daughter], at this point, is too young to be a consistent historian and is incapable of thinking in an abstract manner or to have awareness of the motives of others. All of the data presented shows reason to suspect sexual abuse but all of the inconsistencies in this case as a whole cause this to be inconclusive and inadequate to deny visitation.
 "It is therefore my recommendation that [the daughter] remain in [the mother's] custody and that [the father] be allowed supervised visitation weekly with no overnight visits. If we err, it must be on the side of the child and for her protection. Although this arrangement will be difficult it allows for the protection of the child.
 "I would also recommend that this case be re-evaluated in a year to assess the need for continued supervision. At that point, [the daughter] will have developed some maturity and could be more beneficial to the case."
The final hearing was held on September 23, 1997. Regarding visitation, the court entered the following order:
 "3. The [father] shall have reasonable association and visitation with the minor child at all times and places as may be agreed between the parties. In the absence of such agreement, the [father] at a minimum shall be entitled to have the child with him as follows:
 "(a) Until any pending sexual abuse investigation of the [father] is concluded as 'unfounded,' does not result in a grand jury indictment or results in a 'not guilty' verdict, whichever may first occur, the [father] shall have supervised visitation with [the daughter]. . . .
 "(b) Upon the first to occur of the events specified in Paragraph (a) above, the [father] shall have unsupervised visitation. . . ."
The court also found the mother to be in contempt. The mother appeals.
The mother initially asserts that the court erred in providing for an automatic modification of the judgment to convert supervised visitation to unsupervised visitation.
Visitation is a matter within the discretion of the trial court. E.W. v. Montgomery County Dep't of Human Resources,602 So.2d 428 (Ala.Civ.App. 1992). The court's discretion is guided by what will protect and enhance the best interests and welfare of the child. Id. The court's decision regarding visitation will not be reversed absent an abuse of discretion or a showing that it is plainly in error. Id.
Although we have not previously addressed this precise issue, we have held similar automatic modifications within the contexts of child support and custody to be in error. InHovater v. Hovater, 577 So.2d 461 (Ala.Civ.App. 1990), this court struck down a custody reversionary clause that modified custody from one parent to the other in the event of a parent's move from a geographical area. We found the clause to be of no effect because "it is premised on a mere speculation of what the best interest of the children may be at a future date."Id., at 463. In Morrison v. Kirkland, 567 So.2d 363
(Ala.Civ.App. 1990), the trial court had entered an order providing for the automatic escalation of child support payments. We reversed that provision, finding that "there is no evidentiary basis for the determination of future events and . . . there exists an adequate procedure for modification when changes in circumstances do occur." Id., at 364.
The events upon which the automatic modification is premised have no direct impact on whether visitation between the father and the daughter should be supervised. The decision of the district attorney not to prosecute or of the jury to acquit, does not mean that visitation provisions should be modified without an evidentiary hearing. Neither event is a finding that abuse did not happen, but merely that a criminal charge is unlikely to be proven or has not been proven beyond a reasonable doubt. The differing burdens of proof involved make the events unreliable *Page 418 
as predictors of the best interests of the child.
Other jurisdictions have held an automatic visitation modification based upon a third parties' decision to be reversible error. See, Matter of Paternity of A.R.R.,634 N.E.2d 786 (Ind.App. 1994); In re Marriage of Stribling,219 Ill. App.3d 105, 161 Ill.Dec. 749, 579 N.E.2d 6 (1991);Johntonny v. Malliski, 67 Ohio App.3d 709, 588 N.E.2d 200
(1990); In re Jennifer G., 221 Cal.App.3d 752, 270 Cal.Rptr. 326
(Cal.App. 1990). In Matter of Paternity of A.R.R., supra, the Indiana court stated:
 "[A] modification of visitation may not be granted absent a determination by the court that the modification would serve the best interests of the child. No statute permits this determination to be delegated to a caseworker, probation officer, guardian, or other authority, and to do so would be to undermine the safeguards inherent in reserving to a detached and impartial court the task of weighing the many considerations relevant to visitation."
634 N.E.2d at 789. We agree. That portion of the judgment regarding an automatic modification of visitation is reversed and the case is remanded for the trial court to enter a visitation order consistent with this opinion.
The mother next asserts that the court erred in finding her in contempt. She insists that she was not properly noticed in accordance with Rule 70A(c)(1), Ala. R. Civ. P. The procedural facts of this case as outlined previously dispute the mother's claim of inadequate notice. We find no error. That portion of the judgment finding the mother in contempt is affirmed.
The mother's request for an attorney fee on appeal is granted in the amount of $1,500; the father's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.