David Alan Long, the father, and Jocelyn L. Long, the mother, divorced in 1997. The mother was awarded custody of the parties' minor son. In November 1998, the father petitioned for a change of custody, alleging there had been a material change of circumstances. The mother failed to answer the petition or to appear at the hearing on the petition. Thereafter, the trial court entered an order awarding the father custody of the child and awarding the mother standard visitation.
In June 1999, the father petitioned to modify the mother's visitation. The father alleged that the mother's circumstances had changed. He alleged that the mother had recently married a man she had met while in jail and that the mother's new husband was a convicted sex offender. The father sought pendente lite relief. The trial court entered a pendente lite order which provided that the mother would have only supervised visitation with the child, pending a final hearing. The mother answered and counterclaimed seeking custody of the child. After holding a hearing, the trial court denied the mother's request for a custody modification and provided that the mother would have supervised visitation for the next six months and, thereafter, would have standard unsupervised visitation. Both parties filed postjudgment motions, which were denied by operation of law. The father appeals.
The father argues that the court erred in permitting the mother to have unsupervised overnight visitation with the child and that the court erred in making an automatic modification of visitation after six months without imposing on the mother any conditions for improvement.
Visitation is a matter within the discretion of the trial court. E.W.v. Montgomery County Dep't of Human Resources, 602 So.2d 428
(Ala.Civ.App. 1992). The court's discretion is guided by what will protect and enhance the best interests and welfare of the child. Id. The court's decision regarding visitation will not be reversed absent an abuse of discretion or a showing that it is plainly in error. Id.
The trial court's judgment, in pertinent part, provides:
 "3. The [mother] is awarded visitation with the minor child as herein set out and subject to the restrictions as set out:
 "(A) For the next six (6) months the [mother] may exercise supervised visitation with the minor child every other weekend on Saturday from 9:00 a.m. until 6:00 p.m. and on Sunday from 1:00 p.m. until 6:00 p.m. at a location to be decided by the parties.
 "(1) The [mother] and [father] shall agree upon a party that will be present during [the mother's] visitation;
 "(2) The [father] shall not be present during [the mother's] visitation with the minor child;
 "(3) The [mother] shall not have overnight visitation rights during this six (6) month period;
 "(4) The [mother] shall not be allowed to take the minor child to any location without the supervising individual being present.
 "(B) After the six (6) month period has expired, [the mother shall] exercise the following visitation rights:
 "(1) The first and third full weekends of each month from 6:00 p.m. on Friday until 6:00 p.m. the following Sunday;
 "(2) Each Christmas Day from 3:00 p.m. until 3:00 p.m. on the following New Year's Day; *Page 227 
 "(3) Thirty days (30) days during the summer (to be taken between June 10th and August 10th), to be selected by the [mother] but upon written notice to the [father] at least thirty (30) days in advance of such visitation;
 "(4) Every Thanksgiving Day from 3:00 p.m. until 9:00 p.m. the same day;
 "(5) Every Mother's Day from 9:00 a.m. until 6:00 p.m. of the same day (NOTE: the [father] shall have the minor child every Father's Day from 9:00 a.m. to 6:00 p.m. of the same day even if it interferes with [the mother's] weekend visitation);
 "(6) At such other times as agreed upon in writing between the parties."
In its judgment, the trial court did not impose any conditions or obligations for the mother to fulfill during the six months. The trial court simply provided that after six months the visitation would be modified from supervised visitation to unsupervised visitation, including overnight unsupervised visitation.
In a similar case, this court held erroneous an automatic modification of a judgment to convert supervised visitation to unsupervised visitation. Hall v. Hall, 717 So.2d 416 (Ala.Civ.App. 1998). In Hall, the court provided for an automatic modification of supervised visitation to unsupervised visitation based upon whether the district attorney refused to prosecute the father or whether the jury acquitted him. Id. In Hall, this court stated, "The events upon which the automatic modification is premised have no direct impact on whether visitation between the father and the daughter should be supervised."Hall, 717 So.2d at 417.
In Hall, this court also stated:
 "Although we have not previously addressed this precise issue, we have held similar automatic modifications within the contexts of child support and custody to be in error. In Hovater v. Hovater, 577 So.2d 461
(Ala.Civ.App. 1990), this court struck down a custody reversionary clause that modified custody from one parent to the other in the event of a parent's move from a geographical area. We found the clause to be of no effect because `it is premised on a mere speculation of what the best interest of the children may be at a future date.' Id., at 463. In Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App. 1990), the trial court had entered an order providing for the automatic escalation of child support payments. We reversed that provision, finding that `there is no evidentiary basis for the determination of future events and . . . there exists an adequate procedure for modification when changes in circumstances do occur.' Id., at 364."
Hall, 717 So.2d at 417.
There is no evidence to support an automatic modification from supervised visitation to unsupervised visitation after six months. There is no evidence to indicate that there would be any change of circumstances or conditions to warrant such a modification after six months. See Sullivan v. Sullivan, 631 So.2d 1028 (Ala.Civ.App. 1993). Further, there is no basis to determine future events. Morrison v.Kirkland, 567 So.2d 363 (Ala.Civ.App. 1990). We note that there must be a change in circumstances to warrant a modification of visitation. SeeSullivan, 631 So.2d 1028.
That portion of the judgment providing for an automatic modification of visitation is reversed, and the case is remanded for the trial court to enter a visitation order consistent with this opinion.
The appellant's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED. *Page 228 
Yates, Crawley, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.