Jeffrey Heith Rimpf ("the father") and Ruth Marie Campbell ("the mother") were divorced in 1987. The divorce judgment awarded physical custody of the parties' minor daughter to the mother and required the father to pay child support and maintain insurance on the child. In March 2001, the mother filed a modification petition seeking, among other things, an increase in the amount of child support. She alleged that the needs of the child had increased and that the father's ability to pay had increased as well. She also alleged that the father had misrepresented his income in a hearing on a prior child-support modification petition. The father answered, denying that there had been a material change in circumstances, that the child's needs had increased, or that his ability to pay had increased.
After a trial at which the father testified at length concerning both his current income and his prior income, the trial court determined that the father's monthly income was $3,000 and computed child support accordingly in a judgment entered on September 17, 2001. The father filed a postjudgment motion on October 12, 2001; that motion was denied by operation of law on January 10, 2002. The father appealed the September 17, 2001, judgment on February 20, 2002. On April 3, 2002, the trial court purported to grant the father some of the relief requested in his postjudgment motion; however, because the trial court had no jurisdiction to enter the April 3 order, that order is a nullity. On appeal, the father correctly addresses his arguments to the September 17, 2001, judgment.
The father argues that the mother failed to present evidence indicating that there had been a material change in circumstances since the last modification of child support, that the trial court erred by determining that his monthly income was $3,000 instead of $1,733, and that the trial court erred by computing child support based upon an income for the mother of $764 per month when she testified concerning *Page 959 
a new job that would have increased her monthly income to $1,100. After reviewing the record, we have concluded that the trial court's modification of child support is supported by the evidence of record. However, the father correctly argues that the trial court erred in its calculation of child support for the months after October 2001, because the trial court should have adjusted the child-support obligation based on the father's increased insurance costs.
As a preliminary matter, we first note that neither the father nor the mother filed a CS-41 form. Although under some circumstances this court would automatically reverse the trial court's judgment in this case because the required forms are not included in the record, see Martin v.Martin, 637 So.2d 901, 902 (Ala.Civ.App. 1994), we believe that the circumstances of this case do not require a reversal. The trial court completed a CS-42 form, which indicates that it found that the mother's monthly income was $764 and that it determined, based on testimony and documentary evidence discussed below, that the father's monthly income was $3,000. The testimony was conflicting, but one view of the evidence supports the trial court's determinations of both parties' income. We see no need to reverse the judgment so that the parties can complete the required forms when those forms will likely reflect the testimony each gave as to their respective income.
Even in Martin, in which this court pronounced the general rule that it would remand a child-support case or reverse the judgment and remand such a case when the required child-support forms were not in the record, this court noted that, when the income of a party is disputed, the issue is to be resolved by the trial court based on the evidence presented. Martin, 637 So.2d at 903. As we have noted before, where the record "`clearly indicat[es] that the award comports with the evidence regarding the parties' incomes'" and that the trial court complied with the guidelines, we need not reverse a child-support order based only on the failure of the parties to submit the required forms. See Mosley v. Mosley,747 So.2d 894, 898 (Ala.Civ.App. 1999) (quoting Dismukes v. Dorsey,686 So.2d 298, 301 (Ala.Civ.App. 1996)); see also Devine v. Devine,812 So.2d 1278, 1282 (Ala.Civ.App. 2001). Therefore, we will address the issues raised by the father based on the income figures set out by the trial court in the CS-42 form.
The father argues that the mother failed to prove a material change in the circumstances of the parties so as to entitle her to a modification of child support. Rule 32(A)(3)(b), Ala. R. Jud. Admin., states that "[t]here shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by the application of these guidelines varies more than ten percent (10%)." The mother stated in her petition for modification that the father's ability to pay had increased. She also alleged that the father had misrepresented his income to the trial court at the last modification proceeding.
As will be discussed below, the record reveals conflicting evidence concerning the father's income. However, it appears that the father's income at the time of a prior modification proceeding in 1994 was determined to be approximately $9.50 per hour or approximately $1,647 per month. The trial court here determined that the father's current income was $3,000 per month. The mother testified that her income had not changed much since the 1994 modification. We do not have the prior child-support order or the previous child-support forms in the record, but, based on a discussion between counsel and the court *Page 960 
at trial, the father's weekly child-support obligation set at the 1994 modification was $54, which would be $234 per month. The trial court's judgment increases the father's support obligation to $404 per month, based on $74 in insurance costs. As will be discussed below, the father's child-support obligation, taking into consideration the change in monthly insurance costs in October 2001 from $74 to $294,[1] should be $288. Because the difference between either of the modified amounts ($404 or $288) and the prior monthly obligation ($234) is more than 10%, we conclude that the mother presented sufficient evidence to warrant a modification of the child-support award.
The father argues that the trial court erred by calculating the mother's income at $764 per month. The father contends that the mother testified that she was starting a new job the Monday following the trial. He also contends that, in 2000, the mother received approximately $11,500, which she characterized as repayment of marital debt, from Kenneth Irwin ("the ex-husband"), to whom she was married and divorced after her divorce from the father. Thus, the father argues, the trial court should have based the mother's income on her new salary and included the $11,500 in the mother's income.
The $764 monthly income figure is consistent with the mother's testimony concerning her income as a health-care aide at Robertsdale Elementary School. Our review of the record reveals that the mother stated that she hoped to be starting a new job with a veterinarian on the Monday following the hearing; however, she reported that she would find out if she got the job on the Saturday following the hearing. Because the mother did not have the job on the date of the hearing, the trial court could have determined that the increased income from the new job was too speculative to include in computing child support. We see no error in the trial court's exclusion of the mother's possible increase in salary in determining the mother's income.
The mother also testified that the ex-husband had paid her $500 per month in addition to his child-support payments (totaling $11,500) for marital debts; the testimony of the ex-husband corroborated the mother's admission. Although the father argues that the payment of marital debt pursuant to a post-divorce judgment should be included as income to the payee for purposes of calculating child support, he cites nothing in support of that contention. Although preexisting periodic alimony is specifically included as income under Rule 32(B)(2)(a), alimony in gross is not.
The mother did not testify at length concerning exactly why she began receiving $500 per month in 2000, but we note that it appears that she sought a court order to compel repayment of the marital debts. Based on that information, it is logical to infer that mother had paid marital debts that had been allocated to the ex-husband in the parties' original divorce judgment and that, in a post-divorce proceeding, the mother successfully sought repayment of her expenditures. The trial court, to whom the determination of income is entrusted, apparently considered that the repayment to the mother for her payment of marital debts allocated to the ex-husband was not income. We agree, *Page 961 
because the change in the character of an asset, in this case the allocation of certain debt to the ex-husband, awarded in a divorce judgment does not transform the asset into income. See Denley v. Denley,38 Conn. App. 349, 353, 661 A.2d 628, 631 (1995) (indicating that "[t]he mere exchange of an asset awarded as property in a dissolution decree, for cash, the liquid form of the asset, does not transform the property into income"); see also Schorsch v. Schorsch, 53 Conn. App. 378, 385,731 A.2d 330, 334 (1999) (holding that the principal payments of a purchase money mortgage on property originally awarded to a husband in a divorce judgment were not income as they were a change in the character of the previously awarded asset).
The father also argues that the trial court improperly calculated his income at $3,000 per month when the father testified that he made only $1,733 per month. The father is a welder. The mother presented the father's answers to interrogatories concerning his 1998 income, which, she said, indicated that the father earned approximately $29,670 in four months of that year. In addition, the father now works for a company owned by his current wife. The father testified that he is simply an employee of his wife's company and that he owns no stock in it. The father's wife also testified that the father was an employee. The father also explained that he had made more money as a welder in prior years when he traveled extensively, but that he did not want to travel anymore.
The trial court, based on its comments on the CS-42 form attached to the judgment, chose to believe that the father does enjoy the profits of his wife's company despite his not being an owner "on paper," and it imputed income to the father based on his prior earnings as reflected in the interrogatory answers and past tax returns. According to Rule 32(B)(5), Ala.R.Jud.Admin., the trial court, if it determines that a parent is voluntarily unemployed or underemployed, "shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income." Because the trial court has the duty of resolving the conflicts in evidence before it, see Butler v. Coonrod,671 So.2d 750, 751 (Ala.Civ.App. 1995), and because the record supports the trial court's determination that the father's income is $3,000 per month, we affirm the trial court's judgment.
The father's final argument is that the trial court improperly calculated his child-support obligation because it failed to deduct the $294 per month in insurance costs the testimony at trial indicated he would begin paying in October 2001. See Rule 32(B)(7)(c). The father's wife testified that the company planned to change its insurance plan and that the insurance costs would increase drastically — from $74 per month to $588 every two months. At the time of the trial, however, the father was paying $74 per month in insurance costs. When the trial court purported to grant, in part, the father's postjudgment motion in April 2002, it deducted the $294 per month in insurance costs and arrived at a monthly child-support obligation of $288. The father argues that the trial court's postjudgment order, although void, reflects the correct computation of child support based on the deduction of the $294 amount for insurance costs. We agree that the trial court should have computed child support by deducting the increased insurance expense beginning with the child-support obligation due in October 2001. Therefore, we reverse the trial court's child-support award and remand the case to the trial court for it to deduct the $294 insurance expense from the father's *Page 962 
child-support obligation for the months after and including October 2001. The award of $404 per month in child support for the months after the filing of the petition and before October 2001 was properly computed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Pittman and Murdock, JJ., concur.
Thompson, J., concurs in part and dissents in part.
Yates, P.J., dissents.
[1] As noted in Judge Thompson's dissent, in the father's postjudgment motion, he alleged that his insurance expenses were $313 per month. However, the father presented no evidence that he actually paid that amount. As we will discuss later in the opinion, the testimony and documentary evidence presented at trial established that the insurance costs were $294 per month.