MOORE, Judge,
concurring in part and dissenting in part in case no. 2050780 and concurring in case no. 2060229.
Although I concur with the main opinion’s affirmance of the trial court’s divorce judgment with regard to the division of the parties’ property, the award of custody of the child to the wife, and the award of an attorney fee to the wife, and the main opinion’s affirmance of the trial court’s denial of the husband’s Rule 60(b), Ala. R. *703 Civ. P., motion, I disagree with the main opinion’s decision to uphold the provision in the divorce judgment automatically reducing the husband’s visitation once the child starts kindergarten. See 12 So.3d at 698 n. 5.
The husband cites Hovater v. Hovater, 577 So.2d 461, 465 (Ala.Civ.App.1990), and Korn v. Korn, 867 So.2d 338 (Ala.Civ.App.2003), in support of his argument that the trial court erred by including in the divorce judgment a provision that automatically reduces the husband’s visitation once the child starts kindergarten. In Hovater, this court expressed its disapproval of automatic reversionary clauses with regard to custody. This court reasoned that custody determinations are based primarily on the best interests of the child and that it is reversible error for a trial court to order a change of custody based on the occurrence of a future contingency because that change would necessarily be “premised on a mere speculation of what the best interests of the children may be at a future date.” 577 So.2d at 463. The court in Hovater noted that the law provides that the trial court may always enter a future judgment changing custody if a material change of circumstances occurs such that a change of custody would materially promote the best interests of the child and outweigh the traumatic effects of uprooting the child. 577 So.2d at 464. See also Korn, 867 So.2d at 345 (reversing judgment containing automatic custodial rever-sionary clause).
The main opinion states that the rever-sionary clauses in Hovater and Korn are distinguishable from the reversionary clause in the present case because the reversionary clause in the present case involves visitation, not custody. 12 So.3d at 698 n. 5.1 note, however, that this court has previously found the reasoning in Ho-vater and Korn to be equally applicable to automatic reversionary clauses concerning visitation. In Long v. Long, 781 So.2d 225 (Ala.Civ.App.2000), this court, citing Hovater, reversed a judgment containing a provision providing for an automatic modification of visitation after six months had passed. 781 So.2d at 227. This court noted that there was no evidence to indicate that, in six months, there would be a change of circumstances warranting a modification of visitation and that there was no basis to determine future events. Id.
Similarly, in the present case, there is no basis for determining future events. Further, there is no evidence to indicate that, when the child starts school, there will have been a change of circumstances that would warrant the specific modification of visitation set forth in the divorce judgment. If the visitation schedule set out in the divorce judgment turns out to be contrary to the child’s best interests once the child starts school, one or both parents should recognize that fact and petition the trial court for a modification of the visitation schedule. However, if the parents discover that the child’s best interests are served by continuing the same visitation schedule even after the child starts school, they, and the child, should have a right to maintain that schedule. The trial court should not make that decision for the parties at this time based on its speculation as to the effect of a future change of circumstances on the child.
The trial court’s judgment with regard to the change in the husband’s visitation schedule is “premised on a mere speculation of what the best interests of the child[ ] may be at a future date.” Hovater, 577 So.2d at 463. Accordingly, that provision should have no effect. I, therefore, would reverse the trial court’s divorce judgment insofar as it provides for an au *704 tomatic change of the husband’s visitation schedule once the child starts school.