PITTMAN, Judge.
Martha Middlebrooks Hartin (“the wife”) appeals from a judgment of the *46 Montgomery Circuit Court (“the trial court”) dissolving her marriage to Caleb Allen Hartin (“the husband”) and challenges the provisions of that judgment (1) granting the parties joint legal custody of the parties’ twin daughters (“the children”) instead of granting the wife sole legal custody and (2) providing for an automatic modification of the husband’s supervised visitation to unsupervised visitation upon the passage of six months. We affirm in part, reverse in part, and remand.
The wife sued the husband for a divorce in 2012. The trial court held a bench trial at which it received evidence ore tenus in February 2014. The record indicates that the parties married in 2009, that the children were born in 2010, that the parties separated initially in January 2012, that the parties resumed living together in June 2012, and that the parties separated permanently in September 2012. The wife testified that the husband had assaulted her on several occasions and that he had also harassed her or stalked her on other occasions. She further testified that she had sworn out warrants for the husband’s arrest based on some, but not all, of his criminal acts of assault and harassment. The husband testified that he and the wife had both committed acts of domestic violence and that they were equally responsible for the violence in their relationship. The husband testified that the children had never been placed in danger by the parties’ violent acts and that the children had been asleep when those violent acts occurred. In early April 2013, the husband was arrested, and he remained incarcerated in the county jail until he pleaded guilty to a charge of aggravated stalking in early October 2013. He was placed on probation for two years as a result of that conviction, and the terms of his probation prohibited him from having any contact with the wife. Because he had been incarcerated from early April 2013 until early October 2013 and had been prohibited by the terms of his probation from having any contact with the wife thereafter, the husband had not seen the children in approximately 11 months when this action was tried.
After the trial, the trial court entered a judgment that, among other things, dissolved the parties’ marriage, granted the parties joint legal custody of the children, granted the wife primary physical custody of the children, granted the husband visitation with the children pursuant to a schedule specified in the judgment, and provided that the husband’s visitation would be supervised for six months and then would automatically be modified to unsupervised visitation at the end of that six-month period. The judgment contained the following provisions that are at issue in this appeal:
“5. That the Court has considered the testimony relative to allegations of abuse perpetrated by the Husband and against the Wife and does not find that the allegations of abuse merit depriving the Husband of joint legal custody and visitation with the minor children. Of note, any and all abuse charges against the Husband were either dismissed or he was acquitted. Though the Husband has been convicted of aggravated] stalking, the Court does not find that such a conviction merits depriving the Husband of custody or visitation rights, as the testimony revealed that even under protection orders (which underlay the stalking charges), the Wife and Husband had mutual meetings and would see each other. No safety concerns of the children were ever implicated during any instance or allegation of domestic violence, and the children were either asleep or not present at the times of such allegations.
“6. That for a period of six months from the date of this order, the visita *47 tion ordered herein shall be supervised by the Husband’s mother or father, Mr. Jerry Hartin and Mrs. Delphine Hartin, and shall take place at their residence. Mrs. Delphine Hartin appeared and testified as to she [sic] and her husband’s willingness and desire to assist and facilitate in the Husband’s visitation with the minor children. Thereafter the Husband shall have unsupervised visitation with the minor children [;] however, Mr. Jerry Hartin and Mrs. Delphine Hartin, shall be allowed to exchange the minor children with the Wife for a period of up to two years from the date of this order due to the Husband’s order of no contact with the Wife.
“7. That further, and due to the Husband’s two year period of probation and no contact order, Mr. Jerry Hartin and Mrs. Delphine Hartin, shall be permitted to facilitate and/or communicate the Husband’s desires to the Wife on issues of parenting relative to the parenting plan and the joint legal custody of the minor children. The Wife shall receive the same as if received directly from the Husband himself; the said contact shall not be in the nature of any harassment or annoyance towards the Wife, shall relate only to the minor children, and shall abide by the injunction against harassment entered herein. Said facilitation shall remain effective for a two year period from the date of this order, and the parties shall conduct themselves accordingly and pursuant to the Court’s Standard Parenting Clauses issued herein.”
(Emphasis added.) Following the entry of the trial court’s judgment, the wife timely appealed.
Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Phil-pot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Waltman v. Ro-well, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The wife first argues that, because the husband committed acts of domestic abuse, the trial court erred in granting the parties joint legal custody instead of granting her sole legal custody. In Smith v. Smith, 887 So.2d 257 (Ala.Civ.App. 2003), the Bibb Circuit Court granted the parties joint legal custody of their child despite the mother’s testifying that the father had physically abused the mother. On appeal, the mother asserted that the father’s physically abusing her precluded the Bibb Circuit Court from granting joint legal custody instead of granting her sole legal custody. However, this court held, on several alternative grounds, that the judgment was due to be affirmed insofar as it had granted the parties joint legal custody. One of those alternative grounds *48 was that the Bibb Circuit Court could have “considered the lack of evidence concerning the impact of the alleged domestic or family abuse upon the child. See § 30-3-131[, Ala.Code 1975] (‘Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child.’).”[1] 887 So.2d at 263. In the present case, the trial court expressly found that “[n]o safety concerns of the children were ever implicated during any instance or allegation of domestic violence, and the children were either asleep or not present at the times of such allegations.” That finding is supported by the husband’s testimony. Therefore, the trial court did not err in granting the parties joint legal custody. See Smith.
The wife next argues that the trial court erred in providing that the husband’s supervised visitation would be automatically modified to unsupervised visitation at the end of six months. In Long v. Long, 781 So.2d 225 (Ala.Civ.App.2000), the Coffee Circuit Court entered a judgment granting a mother supervised visitation with the parties’ child for six months and providing for an automatic modification of that supervised visitation to unsupervised visitation at the end of the six-month period. On appeal, the father of the child challenged the judgment insofar as it provided for an automatic modification of the supervised visitation to unsupervised visitation at the end of six months. Reversing the Coffee Circuit Court’s judgment, this court stated:
“There is no evidence to support an automatic modification from supervised visitation to unsupervised visitation after six months. There is no evidence to indicate that there would be any change of circumstances or conditions to warrant such a modification after six months. See Sullivan v. Sullivan, 631 So.2d 1028 (Ala.Civ.App.1993). Further, there is no basis to determine future events. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). We note that there must be a change in circumstances to warrant a modification of visitation. See Sullivan, 631 So.2d 1028.
“That portion of the judgment providing for an automatic modification of visitation is reversed, and the case is remanded for the trial court to enter a visitation order consistent with this opinion.”
781 So.2d at 227.
In the present case, the judgment did not indicate what circumstances or conditions the trial court contemplated would change as a result of the passage of six months, and the record contains no evidence indicating that the mere passage of six months would effect a change in any circumstances or conditions that would warrant a modification of the husband’s supervised visitation to unsupervised visitation. Therefore, we reverse the judgment of the trial court insofar as it provided for an automatic modification of visitation from supervised visitation to unsupervised visitation upon the passage of six months, and we remand the cause *49 for the trial court to enter an amended visitation provision that is consistent with this opinion. In all other respects, we affirm the judgment of the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. In its entirety, § 30-3-131, Ala.Code 1975, provides:
"In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child.”
(Emphasis added.)