THOMAS, Judge.
Henley Livingston Barrett (“the wife”) appeals from a judgment of the Talladega Circuit Court (“the trial court”) divorcing her from Clifton Drew Barrett (“the husband”).
The parties were married on August 20, 2005; one child was born of the marriage on February 21, 2009. On April 11, 2012, the wife filed in the trial court a complaint for a divorce seeking, among other things, sole legal and physical custody of the child and an ex parte petition for pendente lite custody of the child and exclusive use of the marital residence; the ex parte petition asserted that the husband was residing in a drug-rehabilitation facility. The trial court granted the wife’s ex parte petition on April 19, 2012. On May 8, 2012, the husband filed an answer and a counterclaim for a divorce in which he sought joint legal and physical custody of the child. The trial court entered an order on May 11, 2012, in which it found that the husband had a history of drug abuse and awarded the husband supervised visitation with the child during the pendency of the divorce proceedings; the trial court entered another order on May 21, 2012, ordering the husband to pay monthly child support during the pendency of the divorce proceedings. The husband filed a motion seeking to hold the wife in contempt on May 24, 2012, asserting that the wife had refused to allow him to visit with the child; he filed a second contempt motion on December 18, 2012, asserting that the wife had prevented him from retrieving his personal property from the marital residence.
After a trial at which the trial court heard evidence ore tenus, the trial court entered a final judgment on September 2, 2014, which, among other things, divorced the parties, awarded the parties joint legal custody of the child, awarded the wife sole physical custody of the child, and ordered the husband to pay $302 in monthly child support. The trial court awarded the husband visitation with the child and ordered that the visitation be supervised for six months and that,
“[a]fter a period of six (6) months, the [trial] court will review [the] case and should there not be any major issues as it pertains to visitation then the visitation on behalf of the [husband] shall be extended to standard visitations so that the child will have consistent contact with the [husband] as is standard in this court.”[1]
*973 On September 5, 2014, the husband filed a motion to clarify the visitation schedule. The wife filed a motion to alter, amend, or vacate the judgment on October 2, 2014, in which she challenged, among other things, the trial court’s determination that the husband’s visitation would, barring “any major issues,” change from being supervised to being unsupervised after six months elapsed. The wife filed a notice of appeal on October 14,2014, which was held in abeyance until the wife’s postjudgment motion was disposed of. See Rule 4(a)(5), Ala. R.App. P. The record does not indicate that the trial court ever ruled on the wife’s postjudgment motion; therefore, it was denied by operation of law on December 1, 2014. See Rule 59.1, Ala R. Civ. P.
In her brief on appeal, the wife argues (1) that the trial court erred by awarding the parties joint legal custody, (2) that the provision in the trial court’s judgment stating that the husband’s visitation would be modified after six months elapsed was an abuse of discretion, and (3) that the trial court failed to comply with Rule 32, Ala. R. Jud. Admin.
Taking the wife’s issues out of order, we first address her argument that the trial court exceeded its discretion by providing that the husband’s supervised visitation would be reviewed in six months and by stating that, barring “any major issues,” the husband’s visitation would be modified to standard unsupervised visitation. As this court stated in Long v. Long, 781 So.2d 225, 226 (Ala.Civ.App.2000):
“Visitation is a matter within the discretion of the trial court. E.W. v. Montgomery County Dep’t of Human Resources, 602 So.2d 428 (Ala.Civ.App.1992). The court’s discretion is guided by whát will protect and enhance the best interests and welfare of the child. Id. The court’s decision regarding visitation will not be reversed absent an abuse of discretion or a showing that it is plainly in error. Id.”
This court has previously reversed similar visitation provisions that included an automatic modification of visitation based upon the passage of time or the occurrence of an event unrelated to visitation. See Long, supra (reversing a judgment containing a visitation provision that automatically changed visitation from being supervised to being unsupervised after the passage of six months), and Hall v. Hall, 717 So.2d 416 (Ala.Civ.App.1998)(reversing a judgment containing an automatic modification of visitation, from supervised to unsupervised, based upon whether the husband was acquitted of criminal charges pending against him); see also Hartin v. Hartin, 171 So,3d 45 (Ala.Civ.App.2015). This court stated in Hall that,
“[although we have not previously addressed this precise issue, we have held similar automatic modifications within the contexts of child support and custody to be in error. In Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990), this court struck down a custody rever-sionary clause that modified custody from one parent to the other in the event of a parent’s* move from a geographical area. We found the clause to be of no effect because ‘it is premised on a mere speculation of what the best interest of the children may be at a future date.’ Id. at 463. In Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990), the trial court had entered an order providing for the automatic escala *974 tion of child support payments. We reversed that provision, finding that ‘there is no evidentiary basis for the determination of future events' and ..'. there exists an adequate procedure for modification when changes in circumstances do occur.’ Id. at 364.”
717 So.2d at 417.
. As we further explained in Long,
“[t]here is no evidence to support ah automatic modification from supervised visitation to unsupervised visitation after six months. There is no evidence to indicate that there would be any change of circumstances or conditions to warrant such a modification after six months. See Sullivan v. Sullivan, 631 So.2d 1028 (Ala.Civ.App.1993). Further, there is no basis to determine future events. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). We, note that there.must be a change in circumstances to warrant a modification of visitation. See Sullivan, 631 So.2d 1028.”
781 So.2d at 227.
We note that the trial court in the present case indicated that it would “review [the] case” in six months; however, unlike a juvenile court, which is compelled to hold review hearings, see § 12-15-312(a)(3), Ala.Code 1975, ““‘a trial court generally loses-jurisdiction to amend its judgment 30 days after entry of judgment.”’” Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala.2008) (quoting Burgoon v. Burgoon, 846 So.2d 1096, 1097 (Ala.Civ.App.2002), quoting in turn Henderson v. Koveleski, 717 So.2d 803, 806 (Ala.Civ.App.1998)); see also Hayes v. Hayes, 16 So.3d 117 (Ala.Civ.App.2009) (vacating a trial court’s judgment modifying visitation after it had lost jurisdiction to do so). Any change to the trial court’s supervised-visitation award would have to be based on new evidence of the suitability of unsupervised visitation., Thus, any attempt to change the supervised-visitation award in the divorce judgment would more “properly form[ ] the basis of a contempt or a modification action.” Marsh v. Smith, 67 So.3d 100, 108 (Ala.Civ.App.2011) (citing Estrada v. Redford, 855 So.2d 551, 554 (Ala.Civ.App.2003)). Although we express no opinion regarding the appropriate amount and type of visitation to be awarded in this case, see Williams v. Williams, 905 So.2d 820, 830 (Ala.Civ.App.2004) (quoting Ex parte Bland, 796 So.2d 340, 343 (Ala.2000))(“ ‘The determination of proper visitation ... is within the sound discretion of the trial court, and that court’s determination should not be reversed by an appellate court, absent a showing of an abuse of discretion.’”), we reverse the Mai court’s judgment insofar as it can be read as permitting modification of the husband’s visitation after a period of six-months has elapsed.
We next address the wife’s argument that the trial court erred by awarding the parties joint legal custody of the child.
“[O]ur review of custody determinations based on ore tenus evidence is quite limited; the trial court’s custody judgment is presumed correct and should be reversed only if the judgment is plainly and palpably wrong. Bates v. Bates, 678 So.2d 1160, 1161-62 (Ala.Civ.App.1996). ‘“The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility-of witnesses.”’ Ex parte Anonymous, 803 So.2d 542, 546 (Ala.2001) (quoting Hall v. Mazzone, 486 So,2d 408, 410 (Ala.1986)).”
*975 Smith v. Smith, 887 So.2d 257, 262 (Ala.Civ.App.2003).
The trial court heard an abundance of testimony regarding the husband’s history of drug abuse. The husband did not deny that he had had problems with drug addiction; however, he also testified that he had completed an inpatient-treatment program, that he continued to attend Alcoholics Anonymous and Narcotics Anonymous meetings, and that he had been sober for two years. The trial court was also presented with, evidence demonstrating that the husband had submitted to numerous drug tests after his completion of the drug-rehabilitation program and that each test was negative for illegal drugs. The wife did not present evidence contradicting that the husband had passed the numerous drug tests, and she testified only that she “felt” that the husband still used illegal drugs. Both parties testified that the husband loved the child and that the child had never been harmed when with the husband. The trial court did not include specific findings of fact explaining its award of custody,. but, based on the evidence presented, it could have determined that awarding the parties joint legal custody was in best interest of the child, see Smith, 887 So.2d at 263, and such a determination would not be plainly and palpably wrong. Id. at 262.
“[W]here,' as in the present case, the trial court- does not make detailed written findings of fact, we ‘“will assum'e that the trial court made those findings [of fact] necessary to support its judgment, unless such findings would be clearly erroneous.” ’ Ex parte Farm, 810 So.2d [631,] 636 [ (Ala.2001) ] (quoting Lemon v. Golf Terrace Owners Ass’n, 611 So.2d 263, 265 (Ala.1992)).”
Ex parte Blackstock, 47. So.3d 801, 806 (Ala.2009). Thus, the trial court’s judgment awarding the parties joint legal custody of the child is affirmed.
The wife: also asserts in her brief on appeal that the trial court failed to include in the record a Form CS-41, “Child-Support-Obligation Income Statement/Affidavit,” for each party , and a Form CS-43, “Child-Support Guideline Notice of Compliance,” as required by- Rule 32, Ala. R. Jud. Admin. The trial court’s judgment ordered the husband to pay $302 in monthly child support and to maintain-medical insurance for the child. The-wife, citing Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994), argues that inclusion of the childrsupport forms in .the record is mandatory and that the failure to do so is reversible error..
We first note that the wife does not argue that the trial court’s judgment awarding her $302 per month in child support was incorrect or adverse to her. See Nash v. Cosby, 574 So.2d 700, 701 (Ala.1990)(“It is well recognized that only adverse rulings by the trial court are reviewable on appeal”). However, out of an abundance of caution, we further note that *976 Dunn v. Dunn, 891 So.2d 891, 896 (Ala.Civ.App.2004).
*975 “we have not, in every instance, reversed a trial court’s'child-support judgment'simply because the requisite forms were not contained in the record. See Rimpf v. Campbell, 853 So.2d 957, 959 (Ala.Civ.App.2002); Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999); and Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App.1996) ’(stating that this court need not reverse a child-support award even though the required forms are not in the record where the record ‘clearly indicates] that the award comports with the evidence regarding the parties’ incomes’); see also Devine v. Devine, 812 So.2d 1278, 1282 [Ala.Civ.App.2001).”
*976 The record contains a CS-42 “Child-Support Guidelines” form prepared by the wife’s attorney that reflects the monthly gross incomes of the parties[2] and a Form CS-41 submitted by the husband.[3] Additionally, the trial court heard testimony regarding the parties’ incomes.
“As we have noted before, where the record ‘ “clearly indicates] that the award comports with the evidence regarding the parties’ incomes” ’ and that the trial court complied with the guidelines, we need not reverse a child-support order based only on the failure of the parties to submit the required forms. See Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999) (quoting Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App.1996)); see also Devine v. Devine, 812 So.2d 1278, 1282 (Ala.Civ.App.2001).”
Rimpf v. Campbell, 853 So.2d 957, 959 (Ala.Civ.App.2002). We see no error in the trial court’s judgment awarding child support that requires reversal.
Based upon the foregoing, the trial court’s judgment, insofar as it awards the parties joint legal custody of the child and orders the husband to pay monthly child support, is affirmed. We reverse the trial court’s judgment insofar as it provided that the husband’s visitation could be modified from being supervised to being unsupervised after the passage of six months, and we remand the cause for proceedings consistent with this opinion.
The wife’s and the husband’s requests for attorney fees on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Although the trial court indicated that it would review the case in six months, we conclude that the judgment was final. See Casey v. Casey, 85 So.3d 435, 439 (Ala.Civ.App.2011).

. We note that the monthly amount of child support awarded to the wife exceeds the amount recommended on the Form CS-42 submitted by her attorney.

. The Form CS-41 submitted by the husband erroneously indicates $35,589.60 as his monthly gross income instead of as his annual gross income.