THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

Jeremy THOMPSON

v.

Kathren LADD.

2150050.

Court of Civil Appeals of Alabama.

April 22, 2016.

Charles W. Fleming, Jr., Geneva, for appellant.

Letta Dillard Gorman, Geneva, for appellee.

MOORE, Judge.

Jeremy Thompson ("the father") appeals from a judgment of the Geneva Circuit Court ("the trial court") insofar as it denied the relief requested in his petition seeking a finding of contempt against Kathren Ladd ("the mother") and requesting a modification of his visitation rights with the parties' child. We dismiss the appeal as having been untimely filed.

On October 16, 2012, the trial court entered a judgment awarding legal and physical custody of the child to the mother and awarding the father supervised visitation with the child every other weekend and "at other times as otherwise agreed by the parties." Additionally, the judgment required the father to "have an assessment and complete the Family Drug Court Program" and to complete a parenting class; it further stated that, after the father completed a parenting class and the drug-court program and obtained full-time employment, the court would then reconsider awarding the father supervised visitation and would consider expanding the father's visitation rights.

On May 21, 2015, the father filed a verified petition seeking, among other things, an emergency pendente lite order to enforce the trial court's previous judgment regarding the father's visitation with the child and a judgment of contempt against the mother. The father asserted, among other things, that the mother had denied the father his ordered visitation with the child. On July 21, 2015, the trial court entered a judgment awarding the father unsupervised visitation with the child every other Saturday from 9:00 a.m. until 6:00 p.m. and every other Sunday from 9:00 a.m. to 6:00 p.m.; stating that the child shall have no unsupervised contact with the child's paternal stepgrandfather; requiring that visitation between the father and the child shall take place at the home of the father "or at a place where he and/or his fiancé and other minor child are"; requiring the father to complete a parenting class and an anger-management class; providing that, in October 2015 and upon the completion of the parenting and anger-management classes, the father's visitation with the child would be every other weekend; and denying the father's contempt claim.[1]

The father filed a postjudgment motion on July 30, 2015, seeking to amend the trial court's judgment to award him additional visitation to compensate for those visitation dates he had allegedly missed, to award him "standard visitation, including summer and holidays," and to modify the judgment with regard to the restrictions pertaining to the child's visitation with the paternal stepgrandfather and the provision requiring that the father or his fiancé be present during the paternal stepgrandfather's visitation with the child, which, the father argued, restricted his ability to leave the child with another appropriate person. On August 2, 2015, the trial court granted the father's postjudgment motion in part, setting aside that portion of the judgment requiring that the father's visitation with the child take place at the home of the father or at a place where he and/or his fiancé and other child are present and further clarifying the reasoning and import of its judgment with regard to the father's visitation with the child and the restrictions thereon.

On August 27, 2015, the father filed a motion requesting a modification of the trial court's July 21 judgment and its August 2 postjudgment order to provide him with standard visitation, to include summers and holidays, upon his completion of the requirements imposed on him by the trial court. The father attached to his motion a certificate of completion of a parenting class and a class schedule for an anger-management class in which he had allegedly enrolled. On August 28, 2015, the trial court entered an order granting the father's motion, stating that the father "may resume every other week-

end visitation pursuant to the prior schedule in October," that he must submit proof of completion of the anger-management class before the end of October, and reaffirming the other conditions of visitation as ordered and modified in its previous orders. The father filed his notice of appeal to this court on October 5, 2015.

■■■ The father raises four issues on appeal: (1) whether the trial court erred in failing to hold the mother in contempt; (2) whether the trial court erred in ordering that the child shall have no unsupervised contact with the stepgrandfather despite "not making any finding that [the stepgrandfather] has done anything inappropriate with regard to [the] child"; (3) whether the trial court's judgment violates the father's constitutional right to parent the child during his visitation periods; and (4) whether the trial court erred in declining to award the father additional visitation beyond alternating weekend visits. Before we reach the merits of the father's appeal, however, this court must first determine whether it has jurisdiction over the appeal.

"It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them *ex mero motu. Wallace v. Tee Jays Mfg. Co.,* 689 So.2d 210, 211 (Ala.Civ. App.1997); *Nunn v. Baker,* 518 So.2d 711, 712 (Ala.1987). 'The timely filing of [a] notice of appeal is a jurisdictional act.' *Rudd v. Rudd,* 467 So.2d 964, 965 (Ala.Civ.App.1985); *see also Parker v. Parker,* 946 So.2d 480, 485 (Ala.Civ.App. 2006) ('an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived')."

---

1. The trial court's judgment also denied the relief requested in a petition that had apparently been filed by the mother seeking to suspend the father's visitation with the child.

That petition does not appear in the record on appeal, and the issues raised on appeal do not relate to that petition or the denial of the relief requested therein.

*Kennedy v. Merriman,* 963 So.2d 86, 87–88 (Ala.Civ.App.2007).

■ In the present case, the trial court entered a final judgment on July 21, 2015. Rule 59(e), Ala. R. Civ. P., provides that a motion to alter, amend, or vacate a judgment "shall be filed not later than thirty (30) days after entry of the judgment." The father filed a timely post-judgment motion on July 30, 2015. The trial court granted that motion "in part," implicitly denying the remaining relief requested by the father, in its order dated August 2, 2015. Although the father filed a motion on August 27, 2015, that motion did not speak to any modification of the judgment resulting from the trial court's August 2, 2015, postjudgment order; rather, the father sought enforcement of the trial court's July 21, 2015, judgment, attaching to his motion information indicating that he was in compliance with that judgment.[2] To the extent the father sought in his August 27, 2015, motion visitation with the child in addition to that granted by the trial court in its July 21, 2015, judgment, we note that the father sought the same increased award in his July 30, 2015, motion, which request had already been implicitly denied by the trial court. *See Gold Kist, Inc. v. Griffin,* 659 So.2d 626, 627 (Ala.Civ.App.1994) ("Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed."). Thus, the father's August 27, 2015, motion did not toll the time for taking an appeal. *See Green v. Green,* 43 So.3d 1242, 1244 (Ala.Civ.App.2009).

The father filed his notice of appeal on October 5, 2015, more than 42 days after the entry of the trial court's August 2, 2015, postjudgment order. *See* Rule 4(a)(1), Ala. R.App. P. (requiring that a notice of appeal be filed within 42 days after the entry of the judgment being appealed from). Because the timely filing of a notice of appeal is a jurisdictional act, we dismiss the father's appeal. *See Green,* 43 So.3d at 1244.

APPEAL DISMISSED.

THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

---

**2.** We note that a trial court commits reversible error when it enters a judgment providing for automatic modification of visitation conditions based upon the occurrence of future events. *See Hall v. Hall,* 717 So.2d 416 (Ala.Civ.App.1998); *see also Barrett v. Barrett,* 183 So.3d 971 (Ala.Civ.App.2015). However, no party appealed that aspect of the July 21, 2015, judgment escalating the father's visitation schedule upon completion of anger-man-

agement and parenting classes, so the judgment became enforceable as the law of the case. *See N.T. v. P.G.,* 54 So.3d 918, 920–21 (Ala.Civ.App.2010) (noting that, because neither party had appealed a purportedly erroneous judgment entered by the juvenile court, that judgment had become the law of the case, subject to modification only upon a showing of changed circumstances).